The opinion of the Court was delivered by
Gibson J.
On a bill of exceptions to the admission of a paper for want of proof of authenticity, a court of error should permit no objection to be made, which was not urged below; for every deficiency, if suggested in due season, might be remedied by supplementary proof; and every ground of objection, therefore, not specifically taken, is to be considered as having been waived. Besides, a bill of exceptions is taken to remove the very point made below, and where that appears on the record, it would be unjust, as well towards the Court as the party, to reverse on a ground *15 entirely new. In the case before üs, it appears the admission of the articles of agreement was resisted on four grounds, which I shall consider in their order. In the first place it is said, the fact of the actual execution of the instrument was not duly proved. It is necessary to premise that there is a striking difference between proof of authenticity, collateral to the issue, and offered for the purpose of introducing the deed itself, and the same proof, where the issue is directly on the fact of sealing and delivering. In the first case, the Court is the appropriate tribunal to decide the preliminary questions of fact j although where the evidence is not clear, it may, and usually does, refer the consideration of those questions to the jury, with a direction not to consider the deed or paper as being in evidence if the facts should appear to be unsupported by due proof: but where the execution of the paper is the fact directly in issue, the jury, and not the Court, is to judge of the proof, which, instead of being preliminary to the admission of other evidence to prove the issue, goes itself directly to the jury as evidence in chief of the very fact in controversy. On the plea of non est factum therefore, wherever there is a spark of evidence of sealing and delivering, the Court are bound to permit the instrument to be read $ for it is not for them, but the jury, to judge of the fact. Then taking for granted that a want of due execution by the plaintiffs would also invalidate the instrument as the deed of the defendant, the question is, whether there was not at least some evidence of execution by the former. After the plaintiffs had proved the seal of the corporation, the subscribing witness was called, who deposed that the article was executed at his father’s house in Myerstown, and that he heard the defendant and the four managers present, acknowledge their seals ; but that he did not see the seal of the corporation affixed, nor did he see it at all. In addition, the plaintiffs gave in evidence, the record of a suit between the present parties, which was marked “ settled as per agreement filedand it is conceded the agreement referred to, is the article in question. Here the strength of the objection is, that the witness did not see the seal affixed: but in Pigott v. Holloway, (1 Binn. 436,) where the witness could not swear to his recollection of the fact, the matter was left to the jury to be decided under all the circumstances. But besides this, the filing of the article. *16 as containing the terms of compromise of a former suit between the parties, was a circumstance, however slight, from which a jury might, if unexplained, infer a re-delivery after the seal was in fact affixed ; and the mere proof of the seal itself, was at least prima facie evidence that it had been duly affixed ; and, in the absence of evidence to the contrary, dispensed, with the necessity of positive proof. If there were any circumstances of fraud in the transaction, or other matters affecting the validity of the transaction, they were for the cori1-sideratidn of the jury, whose business it was to judge of their effect, under the direction of the Court in matters of law. The first ground of objection therefore fails.
• Then as to the second ground ; it is said that if actual execution were even proved, the instrument is void, inasmuch, as the act of incorporation requires the number of five managers to constitute a quorum, with power to enter into a contract ; and it is signed only by three. It is clear, however, the Court could'not, with or without evidence, assume the fact that the contract was made by persons destitute of authority from the corporation, which may, if it be not expressly restrained by its charter, contract through the agency of a select committee of its members. Here the affixing of the seal, which is merely a ministerial act, was the matter in question, and that surely might be done by a less number than was at first competent to enter into the contract, provided it were by the direction of the legal quorum. The seal itself was prima facie evidence that the contract bad been duly entered into by the corporation; and we know not that the office of affixing it is confined by the charter to any particular officer or member. If it were in fact affixed by persons having no authority, that was a matter for subsequent consideration by the jury, and not proper for discussion before the Court, at the period when the bill of exceptions was sealed.
The third ground of objection is, that the instrument is void, because it goes to dispose of the stock in a manner different from that prescribed by law. It, however, does not contain a contract for the sale of stock, but a compromise of a dispute respecting stock subscribed before. Surely the company had a right to make such a compromise, and the stipulation, that the defendant should take and pay for *17 the stock he had before subscribed, can, in no shape be inconsistent with the act of incorporation.- The assumption that the defendant had not paid the ten dollars on each share at the time of subscribing, and that his subscription was therefore void, is entirely gratuitous j and if the law be so, and there even were evidence of the fact, it,would be for the consideration of the jury, and not the Court.
The last ground of objection is, that the contract purports to be with “the Berks and Dauphin Turnpike Company,” whereas it is laid to be with “ the President, Managers, and Company of the Berks and Dauphin Turnpike Road and it is argued, that the deed offered, not being the deed declared on?i was not evidence in support of the issue. If this were true it would be decisive, for such a variance is fatal: but the article is set forth in the declaration with exactness. Whether the want of an averment that the plaintiffs are the persons contracted with, by the name of “ the Berks and Dauphin Turnpike Company,” is a question that does not arise; for if A. declare on a bond to B., the plea of non est factum will not reach the defect—but the defendant ought to demur or move in arrest of judgment, on the ground that the plain; tiff has not set out a title to recover. In pleading, the style, or corporate name, must be strictly used; and while the law was, that a corporation could speak only by its seal, the same strictness in the use of the style, was also necessary in contracting. But when the Courts began to allow these artificial beings, most of, if not all, the' attributes of natural existence, and to permit them to contract pretty much in the ordinary manner of natural persons, a correspondent relaxation in the use of the exact corporate name, for purposes of designation, necessarily followed. I take the law of the present day to be, that a departure from the strict style of the corporation will not avoid its contract, if it substantially appear that the particular corporation was intended; and that a latent ambiguity may, under proper averments, be explained by parol evidence, in this, as in other cases, to shew the intention. Here the Court had. no right to say, there was no such corporation as that named in the articles, and that they were therefore void, for it was the business of the jury to judge under all the circumstances, whether the plaintiffs were not the persons intended. Although we are of *18 opinion the articles should have gone to the jury, we do not profess to decide how far the contract may have been affected by collateral circumstances : we confine ourselves to' the question of competency. The judgment is reversed.
Judgment reversed, and a venire facias de novo awarded*