BOWER ET AL. *vs.* THE BANK OF THE STATE.

Acts done by or to a corporation, by a name substantially its true name, though differing from it in words and syllables, are valid.

Every thing done by or to the persons entrusted with the management of the business at the branches of the Bank of the State, in respect to that business, must be considered as done by or to the corporation.

Each branch is but an integral part of a whole, and can have no existence separate from, and independent of, the corporation, of which it is a member only.

*Semble,* that promises or obligations made by or to "the Branch of the Bank of the State of Arkansas" at any particular place, are in law to be regarded as promises of or to the corporation.

And at all events, if the name in the instrument does not import, of itself, the true name of the corporation, without averment *dehors*, it may by express averment be shown that it was made by or to the corporation by the name contained in the instrument.

Such averment is material and traversable.

THIS was an action of debt, tried in the Arkansas Circuit Court, in October, 1840, before the Hon. ISAAC BAKER, one of the circuit judges. It was brought by the Bank on a note executed to " The Branch of the Bank of the State of Arkansas at Arkansas." Process duly served, judgment by default, and error.

The case was argued here by *Ashley & Watkins,* for plaintiff in error, and *Hempstead & Johnson,* contra.

*By the Court,* RINGO, C. J. Two questions are urged and principally relied on by the plaintiffs in error: 1st. That, inasmuch as it appears from the declaration that their promise and obligation is not to the defendant in error, and no assignment thereof to her is shown, she wholly fails to show any right of action against them. 2d. That the corporation is misnamed or misdescribed in the instrument sued on; that she can only take or receive by her true name—that is, in the name by which she is incorporated; and therefore the contract, as set

forth in the declaration, is invalid. The last point will be first considered.

That modern corporations derive their being and powers from the acts by which they are created, and must in all things be governed thereby, is a principle generally admitted. But it has also long since been determined, that acts done by, or to, a corporation, by a name substantially its true name, though differing therefrom in words and syllables, are valid. And upon this principle many cases have been decided. See the case of *The Mayor and Burgesses of Lynne Regis*, 10 *Coke Rep.* 122, and the cases there referred to.

Here the obligation or promise is, to pay to "the Branch of the Bank of the State of Arkansas at Arkansas." The true name of the corporation is, "The Bank of the State of Arkansas." The question therefore is, whether the words added before and after the true name are such as vary it substantially, and constitute, in fact, a different obligee; or, are such as only make a mere verbal difference, but are in substance and effect the same as the true name of the corporation.

The law incorporating the Bank of the State of Arkansas has been held by this Court to be a public law, and the Bank to be at least a *quasi* public corporation. We are, therefore, bound to know judicially that there is a branch of said Bank at Arkansas, and that it is but a portion or integral part of said corporation; consequently, every thing done by or to those entrusted with the management of its business at said branch in respect thereto, must be considered as done by or to the corporation; because, being but an integral part of the whole, it can have no existence separate from, and independent of, the corporation, of which it is a member only, and therefore those who act therein cannot act for, or as the agents of, that particular branch only, but must act for, and as agents of, the whole corporation, notwithstanding their powers may be restricted so that they can only act in reference to such portion of the business thereof as shall be transacted at that particular branch or place. This the parties were bound to know, and must be presumed to have known when the obligation or promise was made. And therefore, we are inclined to believe, that all such promises and obligations as purport to be made by or to "the Branch of the Bank of the State of Arkansas at Arkansas," may well

be considered as promises or obligations of or to the corporation; or, in other words, as having been made by or to the Bank of the State of Arkansas; and that such words added to the true name, do not vary it in substance or effect, but only in words or syllables; so that the name in the obligation, by matter apparent therein, notwithstanding the additional words, imports a sufficient certain demonstration of the true name of the incorporation; and therefore it is binding upon the parties.

But if, in this conclusion, we have mistaken the law, there is another principle well sustained, both by reason and authority, which we consider applicable to this case, it is this, that if the name in the instrument doth not import of itself the true name of the corporation, without averment *dehors,* it may by express averment be shown that it was made by or to the corporation by the name contained in the instrument, as it is averred in the declaration in this case. The principle is established, we think, by the case in 10 *Coke,* above cited, and the cases there referred to, and has been expressly recognized by the Court of Appeals of Kentucky, and the Supreme Court of New-York, in the cases of *Pendleton et al. vs. The Bank of Kentucky,* 1 *Monroe R.* 171, and *The New-York African Society for Mutual Relief vs. Varick et al.,* 13 *J. R.* 38. Such averment, where the name in the instrument doth not import of itself the true name of the corporation, and the suit is instituted by or against it in its true name, is held to be material and traversable; and when traversed, if it does not appear that the instrument was made by or to the corporation sued or suing, the action cannot be maintained; and upon such issue it may be shown expressly that the instrument was made to or by a different corporation from the one named in the proceedings.

Here the plaintiffs, by failing to appear and plead, must be regarded as admitting every fact well pleaded in the declaration; and so the obligation upon which this action is founded must be considered as having been executed by them to the defendant in error by the name therein contained; and thereby her right of action against them is clearly and conclusively established.

The principles involved in the decision of every other question presented by the record or assignment of errors, have been by this Court,

in cases between other parties heretofore expressly adjudicated, and the matters here assigned as error held to be not only no error, but, on the contrary, to be expressly authorized by law.

Judgment affirmed.