Oldham, J., delivered the opinion of the court. Can a person, to whom a bond is made payable by a name differing from his own naipe, declare upon it in his own name, averring that it Was made to him by the wrong name? We. have care-, fully searched for authorities to settle this intricate question, but ,can find none directly in point; it will therefore have to be determined upon the authority of analogous cases.. The case of Lynne Regis, 10 Coke 122, was upon a bond made to the plaintiffs by the name of “ The Mayor and Burgesses of King’s Lynne,” when the true name was, “ The Mayor and Burgesses of the borough of our. Lord the King of Lynne Regis, commonly called King’s Lynne in the county of Norfolk.”' The declaration averred the fact, and upon special verdict, it was adjudged good l>y the. court, and judgment was given for the plaintiffs. And in the case of the Abbot of York, cited by Lord C.oke in the above case, 10 Coke 125, the declaration averred that the bond was made to the “Abbot of the monastery of the blessed Mary of York,” by the name of the “Abbot of the Monastery of the blessed Mary without the walls of the city of York,” and it was decided to be good. And so in the case of “The New York African Society for mutual relief vs. Vanck et al., 13 John. Rep, 38, the declaration alleged that the. bond was made to the plaintiffs, by the style and description of “The standing cmnmittee of the African Society for mutual relief,” and the court held that when a deed is made to a corporation by, a name varying from the true name, the plaintiffs may s.ue in their true name, and aver in the declaration, that the defendant made the deed to them by the name mentioned in the deed.' So in the case of “The Inhabitants of the township of TJppef Alloway’-s creek, in the county of Salem vs. String and others, 5 Halstead’s Rep., the declaration averred that the bond was made to the plaintiffs by the name and description of The taxable inhabitants of the township of Upper Al-loway’s creek, in the township of Salem, in the State of New-York, to which a demurrer vyas filed, relying upon the variance between the name in the bond and the true name of the corporation. The, demurrer was overruled, and the declaration adjudged good. In the case.of the President, Manager, and Company of the Berks and Dauphin Turnpike Road vs. Myers, 6 Serg. & Rawle. 12, the declaration averred that the bond was made to the plain tills, by the name of The Berks and'Dauphin Turnpike Road Company. The court adjudged the action well brought, and reversed the judgment of the court below, and held that “in the pleading, the style or corporate name must be strictly used; and while the law was, that a corporation could speak only by its seal, the same strictness was also required. But when courts began to allow these artificial beings most, if not all, the attributes',of natural existence, and to permit them to contract pretty much in the ordinary manner of natural persons, a correspondent relaxation-in the use of the exact corporate name for the purpose of designation, necessarily followed. In Medway Cotton Manufactory vs. Adams, 10 Mass. R. 360, the declaration alleged that the promissory note sued on, was made'to the plaintiffs by the name of Richardson, Metcalf, & Co., to which the defendants-demurred, and the demurrer was overruled. This we conceive to be a case strikingly analogous to the one now under consideration; the only difference being, that this is - a bond given to an individual by the name of a corporation, that, on a promissory note given to'a corporation by the name of anfindividual firm. The same reason applies to justify the' propriety of an individual suing upon an instrument given to him Lby a corporate name, as a corporation suing upon an instrument given to it by an individual name. And it is proper here to remark that, no distinction whatever is taken, in any of the cases upon this point, between bonds and promissory notes. The same principle was recognized and acted upon by the court'of appeals of Kentucky in the case of Pendleton and others vs. The Bank of Kentucky, 1 Mon. R. 171, and finally by this court, in the case of Bowes and others vs. The State Bank, 5 Ark. Rep. 234. The reason of this rule, as quaintly given by Lord Coke in the case before cited, applies with equal force to individuals as to cori porations, and courts would be equally justifiable in being govern-, ed by it in both cases, viz: “if a writ abates, one might, of common rig] it, have a new writ, but he cannot of common right have a new bond,”' &c. And the Supreme Court of Pennsylvania, in the case of The President, Managers and company of the Berks and Dauphin Turnpike Road vs. Myers, 6 Serg. & Rawle 17, allowed the doctrine to prevail in the case of corporations, because, they said, that “when courts began to allow these artificial beings most of, if not all the attributes of natural existence, and to permit them to contract pretty much in the ordinary manner of natural persons, a correspondent relaxation in the use of the corporate name for the purposes of designation, necessarily followed.” „ Thus maintaining that, in this particular, corporations were only put into a condition corresponding with that of natural persons. The case of Templeton vs. Craw and others, 5 Greenleaf’s R. 417, was a suit brought on a promissory note, given to the wife of the plaintiff, after her marriage, by her maiden name of Joanna Bal'ch, when her true name was Joanna Templeton. The court held it no valid objection to the note, that it was thus made payable by a wrong name, and gave judgment for the plaintiff. As before observed, there is no authority, and we can perceive no reason, why the same rule should not govern in contracts to, or by individuals, as in the case of corporations; and this position seems to be sustained by the reason given in the case oí'King’s Lynne, and the authority of the case cited from 6 Serg. & Rawle. We-are therefore of opinion that the declaration in this case would be good upon demurrer or arrest of judgment, and is, consequently, good upon writ of error. The averment thus made is a material traversable allegation, upon which issue may be taken. Pendleton & others vs. The Bank of Kentucky, 1 Mon. R. 171. Bowers & others vs. The Bank of Arkansas, 5 Ark. R. 234, and, if denied by plea, must be supported by proof to entitle the plaintiff to a recovery. The next inquiry is, whether this averment is put in issue by the plea of non est factum. In debt on bond or other specialty,, where the deed is the foundation of the action, the plea of non esti factum is proper when the plaintiff’s proferí cannot be proved as stated, or the deed was not executed, or varies from the declaration, either by a mis-statement, or bjr the omissioh of a covenant or clause constituting a condition precedent, or an exception., 1 Chit. Pl. 519. This plea puts in issue the execution of the deed, and its continuance as a deed to the time of the plea. 2 Stark. Ev. 270, and the plaintiff need not prove the other averments in his declaration. Gardner vs. Gardner, 10 John. R. 47. Legg vs. Robinson, 7 Wend. R. 194; and the only proof, required of the plaintiff under the issue, is, first, the sealing, and secondly, the delivery. 1 Stark. Ev. 321. There is no variance between the .writing obligatory and the declaration, but it is described with particularity and certainty. The' plea does not put in issue the averment, that the writing was made to the plaintiff, by the name of the Bank of the State of Arkansas. The case of The President and Managers of the Berks and Dauphin Turnpike Road vs. Myers, 6 Serg. & Rawle 12, is in point. In that case, as in this, the bond was correctly described containing a similar averment, and the court decided that the plea of non est factum did not reach it, and further said that if A. declare on a bond made, to B. the plea of non est factum would not reach the defect, but that the defendant- ought to demur,, or move in arrest of judgment, on the ground' that the plaintiff has not set out a title to recover. The only points, put in issue by the plea, being the sealing and delivery of the bond or writing obligatory, all other material aver-ments in the declaration, according to the rules of pleading, are admitted to be true. Stephens on Plead. 217. On the trial before the circuit court, the execution of the bond was satisfactorily proven, and therefore the finding and judgment thereon by the court were correct and proper. Judgment affirmed.