Judge Scott concurs. The judgment will be affirmed.

————•◦•————

St. Louis Public Schools, Appellant, v. Risley, Respondent.

1. If the plaintiff in an action of ejectment fail at the trial to establish his right to a recovery upon the title relied on by him, he may resort to another title; it is improper to require him to elect one of two titles, upon which he announces his purpose to rely, as that upon which he must base his right to a recovery, even though such titles be inconsistent with each other.
2. Where an instrument purporting to be the act of a corporation has the common seal of the corporation attached, and the signatures of the proper officers are proved, it will be presumed that such officers had authority from the corporation to execute the same.

*Appeal from St. Louis Land Court.*

This was an action in the nature of an action of ejectment by the Board of President and Directors of the St. Louis Public Schools against William Risley for the recovery of a portion of block No. 856 in the city of St. Louis. The cause being called for trial and the jury sworn, the counsel for the plaintiff explained to the court and jury the general nature

of the case, and stated in general terms what he expected to prove before the case was finally submitted to the jury for their consideration. He stated that he expected to show title in plaintiff by virtue of an assignment dated December, 1855, by the United States to the city of St. Louis for the support of schools in conformity to the various acts of Congress. The counsel further stated that plaintiff had another title, entirely distinct from that under the above assignment, which he expected to adduce proof to sustain. He stated that he expected to show that the premises in controversy, in the years 1820 and 1821, when the state of Missouri was admitted into the Union, were west of the main channel of the Missouri river, and were covered with the waters of said river when it was at the ordinary or middle stage, being below the top of the main bank or shore; that since 1850 said premises have been as high as the top of the shore of the river; that the state of Missouri, by act of the general assembly of March 3, 1851, (Sess. Acts, 1851, p. 573,) transferred all the right, title and interest of the state in and to said premises to the city of St. Louis; that the legislature by an act approved November 23, 1857, (Sess. Acts, Adj. Sess. 1857, p. 488,) authorized and empowered the mayor of the city of St. Louis, in the name of the city, to convey certain real estate, including that in controversy, to the plaintiff; that the mayor of St. Louis did, by a deed dated December 26, 1857, convey all the interest of the city in said premises to the plaintiff. The counsel for the defendant here moved the court to compel the plaintiff, before introducing any evidence, to elect which one of said titles " he would introduce, and to compel the plaintiff to rely on the title so elected and no other." The plaintiff moved the court not to compel an election until after the evidence was all in and before the cause was submitted to the jury. The court required the plaintiff to elect. The plaintiff, under protest and exception, elected the title derived through the city of St. Louis and state of Missouri; and read in evidence in support thereof the said act of the general assembly, approved

March 3, 1851; (see Sess. Acts, 1851, p. 573;) also said act of November 23, 1857. (See Sess. Acts, 1857, Adj. Sess. p. 488.) The plaintiff then offered in evidence a deed of conveyance dated December 20, 1857, purporting to be executed by the city of St. Louis, by John M. Wimer, its mayor, under and by virtue of the authority of the said act of the general assembly approved November 23, 1857. The deed was duly acknowledged and recorded. The court, on the objection of the defendant, refused to admit said deed in evidence. The plaintiff then offered to introduce evidence in support of the title under the assignment to the schools by the United States. The court refused the offer on the ground that the plaintiff had elected to rely on the title derived through the city of St. Louis and the state of Missouri. The plaintiff took a nonsuit, with leave, &c.

*Casselberry*, for appellant.

I. The plaintiffs had a right to introduce all of their titles in evidence. The court erred in compelling plaintiff to elect.

II. The court erred in excluding the deed from the city to the plaintiff. The act of November 20, 1857, conferred all the necessary power on the mayor to convey the land in controversy to the schools. (2 Hill, 489; 13 Wend. 325; 6 Mo. 475; 13 Mo. 611; 18 Mo. 220.) For more than twenty years the premises in controversy were used as a wharf. An enabling act was necessary before the city could convey to the schools. The city holds the public thoroughfares for the public. The legislature could as well authorize the mayor to make the conveyance as the council and mayor, or the council alone. The mayor was the sworn representative of the people. The act does not say he *shall* make the deed; it says that he is "authorized and empowered" to do so. It is to be presumed that he reflects the will of the people.

*E. Bates*, for respondent.

I. The plaintiff sets up two titles not only different from each other, but flatly contradictory; they can not stand to-

gether. It was altogether proper for the court to refuse to try both the contradictory titles in the same action. The practice at common law of requiring a party to elect which of two inconsistent claims or defences he will rely upon is too familiar to need a reference to authorities. The power of the court in this regard is a discretionary power. (8 Mo. 334; State v. Fulkerson, 14 Mo. 49; Mooney v. Kennett, 19 Mo. 551; Page v. Freeman, 19 Mo. 421.) Duplicity and multifariousness are, under our code, still objections to pleadings. (17 Mo. 228.)

II. The deed from the mayor to the schools was properly ruled out. The deed was made by virtue of a special grant of power by statute, and the power was not strictly pursued. Besides, the act of the general assembly, as a grant of power, was void. The city of St. Louis is a person in law competent to grant and convey its lands. The legislature has no power to authorize a stranger or one of the servants of the city to grant away its lands.

Scott, Judge, delivered the opinion of the court.

We do not see on what ground the court compelled the plaintiff to elect on which of his titles he would base his right of recovery. This is an action of ejectment, and the plaintiff's right to the immediate possession of the land in controversy is averred in the petition. Now if the plaintiff, in making out his case, should fail to establish one title on which he relied, on what principle would he be restrained from falling back on another title which showed his right to a recovery? Is not this every day's practice? We do not see what connection the power assumed by the courts, of compelling the party to elect when causes of action are improperly joined, has with this question. Here there is but one cause of action for one specific thing, and there can be no reason why, if the plaintiff fails to establish his right to recover by one title, he should be denied the privilege of resorting to another.

St. Louis Public Schools v. Risley.

It will not be maintained that the legislature can authorize any person or officer to convey away the property of a corporation against its will. But the efficacy of the deed, under which the plaintiff claims, does not necessarily stand on the act of the general assembly authorizing the mayor of the city to execute it. The objection, that this deed is not the act of the corporation, does not come from the corporation itself. From any thing that appears, the corporation is satisfied with the act of the mayor, and is willing to abide by it. If the corporation had denied the authority of the mayor, we know that there would have been no want of evidence of the fact. When a municipal corporation is satisfied with the act of its agent, and is willing that it should stand, there should be a solid reason why third persons, who have no interest in the matter, should be permitted to invalidate it. If an act has been done for and in the name of another, and he, being aware of it, does not object to the want of authority in his agent, why should a third person be suffered to do it for him ? These considerations serve to show the reasonableness of the rule in law, that when the common seal of a corporation appears to be affixed to an instrument and the signatures of the proper officers are proved, courts are to presume that the officers did not exceed their authority. The contrary must be shown by the objecting party. (Angel & Ames on Corp. Sec. 224 ; The President, Managers & Company of the Berks & Dauphin Turnpike Road v. Myers, 6 Serg. & Rawl. 12.) This is not a case involving the question whether a corporation under its charter has authority to do an act. Where the question is as to the power of a corporation as an entire body to do a thing, there, of course, the affixing of the seal is no evidence of its authority. But when an act is within the powers of a corporation, and its existence is witnessed by an instrument clothed with the formalities requisite to bind it, there is no hardship in the rule which imposes on one objecting to its validity the necessity of showing that it was without the assent necessary to its existence.

Reversed and remanded.