Morris v. Keil.

Robert D. Morris

vs.

William Keil.

When the common seal of a corporation appears to be affixed to an instrument, and the signatures of the proper officers are proved, courts are to presume that the officers did not exceed their authority, and the seal itself is *prima facie* evidence that it was affixed by proper authority.

*Sec. 2, chap. 40, Gen. Stat.*, providing that a corporation may convey its real estate by an agent appointed by vote for that purpose, does not exclude other modes of conveyance, as, for instance, conveyance through the regular officers of the corporation, such as its president, secretary or treasurer.

Appeal by plaintiff from an order of the district court for

Dakota county, refusing a new trial. The case is stated in the opinion.

A. R. CAPEHART and EDWARD WEBB, for Appellant.

SMITH & VAN SLYCK, for Respondent.

*By the Court.*—BERRY, J.—The plaintiff, claiming to be the owner and in possession of a certain tract of land, brought this action to recover damages for trespasses alleged to have been committed thereupon by defendant.

To maintain his title and possession, plaintiff offered in evidence the record of a quit-claim deed of the *locus in quo*, running to himself, the introductory and *in testimonium* clauses of which, together with the form of execution, are as follows, viz.: "Know all men by these presents, that the Oxford Female College, (an institution of learning duly and legally incorporated,) of Butler county, Ohio, in consideration, &c., &c. * * * In testimony whereof, the said Oxford Female College has caused these presents to be signed by the president of its board of directors, and countersigned by the secretary thereof, and its corporate seal to be hereto affixed this 3d day of November, 1868.

"O. N. STODDARD, Pres. B. D. O. F. C.

"J. H. HUGHES, Sec'y B. D. O. F. C."

(Corporate Seal.)

Then follow the names of two attesting witnesses, together with an acknowledgment before a notary public, in ordinary form.

The defendant objected to the introduction of the record aforesaid, "on the ground that it was insufficient to show title, in that the deed purported to have been made by a corporation, and no authority was shown by which Stoddard

Morris v. Keil.

was authorized by said corporation to convey the property described in the deed, or any other property of the corporation; and that the said deed was not executed and acknowledged according to the laws of Minnesota." The objection being sustained, and the record excluded, plaintiff excepted.

As agreed by counsel on both sides of this case, the only question submitted to the determination of this court, is whether or not defendant's objection to the testimony offered, was rightly sustained by the court below.

In determining this question, it is important to consider that the defendant *specified* certain grounds of objection to the admission of the record, thereby waiving all other grounds, and admitting that the evidence offered was, in other respects, competent and admissible.

Leaving out of view, for the present, the objection, that the deed was not executed and acknowledged according to the laws of Minnesota, the effect, so far as the point that there was no proof of Stoddard's authority is concerned, was to admit *directly* all the other facts necessary to make the deed operative as a conveyance, according to its purport, including the official character of Stoddard and Hughes, the genuineness of their signatures, and the affixing of the corporate seal.

As to Stoddard's authority, it is involved in, and therefore established by, the admission that the deed was sealed with the corporate seal of the grantor—the Oxford Female College. This, for the reason, as stated in *Angell & Ames on Corporations, sec.* 224, that " when the common seal of a corporation appears to be affixed to an instrument, and the signatures of the proper officers are proved, courts are to presume that the officers did not exceed their authority, and the seal itself is *prima facie* evidence that it was affixed by proper authority. The contrary must be shown by the objecting party." *Flint*

*vs. Clinton Co.* 12 *N. H.* 434 ; *Tenney vs. Lumber Co.* 43 *N. H.* 534 ; *Lovett vs. Steam Saw Mill Association,* 6 *Paige,* 60 ; *Koehler vs. Blk. River Falls Iron Co.* 2 *Black,* 717 ; *Berks and Dauphin T. R. Co. vs. Myers,* 6 *S. & R.* 16 ; *Leggett vs N. J. M. & B. Co., Saxton's Ch.* 550 ; *St. Louis Pub. Sch. vs. Risley,* 28 *Mo.* 419 ; *Chouquette vs. Barada, Id.* 497 ; *Benedict vs. Denton, Walker Ch.* 337 ; *Reed vs. Bradley,* 17 *Ill.* 325.

The other objection, viz.; that " the deed was not executed and acknowledged according to the laws of Minnesota," is based upon the idea that the provision of *sec.* 2, *chap.* 40, *Gen. Stat.,* that " every corporation authorized to hold real estate, may convey the same by an agent appointed by vote for that purpose," excludes every other mode of corporate conveyance. *Meighen vs. Strong,* 6 *Minn.* 181, does not sustain this position ; for, without reference to the doubtful character of that decision, the language of the statute upon which that case was decided, was imperative, while the statutory provision just quoted is, in terms, permissive. We think that the purpose of this provision was to point out one way in which a corporation might properly make a conveyance of real estate ; but there is no reason for supposing that the intention was to exclude the other and very common practice of a conveyance by the corporation through one or more of its regular officers, for instance, its president, secretary or treasurer, instead of through an agent appointed by vote for that particular purpose. *Sec.* 162, *chap.* 34, *Gen. Stat.* provides that " every corporation may convey lands to which it has a legal title." The power is thus given, without restriction as to the mode of its exercise, and, as evidence that such a mode of conveyance as is presented by the deed in the case at bar, is in accordance with common practice in such cases, we refer to *Angell & Ames on Corporations,* § 325 ; *Haven vs. Adams,* 4 *Allen,* 87, and most of the authorities before cited.

We are, therefore, of opinion that the exclusion of the record offered in evidence was wrong.

Order denying a new trial reversed.