G. F. BASON, Trustee, v. KINGS MOUNTAIN MINING COMPANY.

*Corporation, deed of, at common law and under the statute.*

1. A deed of a corporation, the concluding clause being, In witness whereof the said corporation " has caused this indenture to be signed by its president and attested by its secretary, and its common seal to be affixed," with the signatures and seal, is properly executed as a common law deed.

2. The statute providing that the president and two other members of a corporation shall sign its deed conveying real estate (Rev, Code, ch. 26, §22), is an enabling act, and does not exclude the common law method.

EJECTMENT tried at Fall Term, 1883, of GASTON Superior Court, before *Gilmer, J.*

Defendant appealed.

Messrs. *Wilson & Son, Jones & Johnston* and *G. F. Bason,* for plaintiff.

Messrs. *R. W. Sandifer* and *Reade, Busbee & Busbee,* for defendant.

SMITH, C. J. The two tracts of land, the subject of controversy and for the recovery of possession of which the present action was begun on April 10th, 1880, are claimed by the plaintiff under a decree rendered in the superior court of Gaston against the heirs-at-law of one M. A. Moore who purchased the same at a sale made by the sheriff under several executions issued on judgments rendered at spring term, 1876, against the Gaston Mining Company, a corporation formed under the laws of this state. The sheriff's deed to Moore bears date on November 18th, 1876. There were numerous rulings in reference to evidence introduced by the plaintiff on the trial of the issue before the jury, to which exceptions, noted on the record, were taken, but it is not necessary in the view we have taken of the case on appeal to consider and decide them.

The defendant denied the plaintiff's title, and admitting possession asserted ownership in itself.

27

In order to show that no estate passed to the purchaser at the sheriff's sale, the defendant introduced a deed from Walker, Mackey & Beckwith conveying the premises in dispute to the Gaston Mining Company, and a deed from the latter, dated on December 3d, 1873, to one George Bull in trust to secure a certain indebtedness of the said company and one George J. Richardson to Walker, Mackey & Beckwith, the former owners and grantors. This deed was admitted to registration upon proof of acknowledgment before a commissioner of this state in the city of Philadelphia, exhibited before the clerk of the superior court of Gaston, adjudged by him to be sufficient and ordered to be registered.

This deed in trust was discharged, and the estate restored to the grantor company by an entry of satisfaction upon the margin of the registry thereof, as directed by the statute. Bat. Rev., ch. 35, §29.

The defendant exhibited a second deed from the Gaston Mining Company, made on March 16th, 1874, to B. K. Jamison & Co., in trust to secure coupon bonds to be issued.

The defendant also offered in evidence a third deed for the same lands, dated on February 3d, 1875, conveying them to William M. Stewart, in trust to secure coupon bonds to the amount of one hundred thousand dollars under the authority conferred in the act incorporating the said company. Private acts 1874–75, ch. 9, §3.

The concluding clause of this deed, which is full and minute, and whereof a copy is attached to the transcript, is in these words:

" In witness whereof the said Gaston Mining Company have caused this indenture to be signed by their president and attested by their secretary and their common seal to be affixed hereto, the day and year first above written.

[L. S.] G. C. WALKER, President.

Attest: George Bull, Secretary.

Signed, sealed and delivered in presence of George Bull, Secretary.

BASON *v.* MINING CO.

The probate is in this form :

PHILADELPHIA—*ss:*

Be it remembered, that on this 2d day of February, 1875, personally appeared before me, a commissioner of the state of North Carolina, residing in the city of Philadelphia, Gilbert C. Walker, president of the above named corporation, who being duly sworn according to law deposeth and saith that he was personally present at the execution of the above written mortgage, and the common seal of the Gaston Mining Company was duly affixed thereto, that the seal so affixed is the common and corporate seal of the said Gaston Mining Company, and that the above written mortgage was duly sealed and delivered by, as and for the act and deed of the said corporation of the Gaston Mining Company for the uses and purposes therein mentioned, and that the name of this deponent, subscribed to the said mortgage as president of the said corporation in attestation of the due execution and delivery of said mortgage, is of this deponent's proper handwriting.

Witness my hand and seal the day and year [L. S.] above written.

THEO. D. RAND, Commissioner for North Carolina in Philadelphia, Pa.

The probate and registration are as follows :

NORTH CAROLINA, } Probate Court.
GASTON COUNTY. } February 16th, 1875.

The foregoing deed and certificate having this day been exhibited before me, E. H. Withers, judge of probate for Gaston county, and it appearing to the satisfaction of the court that the same has been regularly executed and proved before Theo. D. Rand, a commissioner of deeds for North Carolina residing in Philadelphia, Pa., therefore let said deed and this certificate be registered.

Witness my hand and seal this 16th day of [L. S.] February, 1875.

(Signed by the clerk as probate judge).

Received into office for registration this 16th day of February, 1875, at 4 o'clock P. M., and forthwith registered.

(Signed by the register of deeds).

The admission of these three deeds from the company was opposed by the plaintiff for an alleged imperfection in the execution by the corporation, and insufficiency of proof to warrant their registration, and sustained by the court.

We have not set out the form of execution and manner of proving the two former, for the reason that if the latter be free from the imputed defects, it answers as effectually for the purposes of the defence as if all of them were.

There was no connection or privity shown to exist between the defendant and any of the grantees, nor any title in him.

Upon the only issue submitted to the jury, "Is the plaintiff entitled to the possession of the realty described in his complaint?" they were directed by the court if they believed the evidence, to find for the plaintiff.

While the defendant corporation fails to show any estate in itself or any relation in the trustees in the several conveyances from the Gaston Mining Company, protecting its possession against the claim of the plaintiff, his recovery depends upon his own positive right to have possession, and the proof of such right in another, to whom he is a stranger in interest, as effectually defeats his action as if shown to be in the defendant. Waiving the question whether upon the facts contained in the record he has shown title to the premises directly or by estoppel, not reaching to the defendant, in the absence of evidence of its claiming under those to whom it does not apply, and without enquiring whether the debtor company, under the deeds, if valid, is subject to sale under execution, we proceed to consider what seems to be the essential matter of controversy presented in the appeal, the sufficiency in substance and form of the last deed of the Gaston Mining Company to pass its estate to the grantee named therein.

BASON *v.* MINING CO.

No reason appearing in the record is assigned by the court for refusing to receive the several deeds in evidence to show the divesting of the estate in the lands out of the Gaston Mining Company previous to the sale under execution, upon which was predicated the instruction to the jury, but from the course of the argument we infer it was because the deeds were not in the form prescribed by the Revised Code, ch. 26, §22, which were deemed to exclude every other mode of conveying land by a corporation.   The ruling then involves two enquiries:

1. The legal sufficiency of the deed at common law to pass the estate ; and,

2. The meaning of the statutory provision.

I.  The deed has in our opinion the legal requisites of the common law to operate as a valid conveyance of land.

The technical mode of executing the deed of a corporation is to conclude the instrument, which should be signed by some officer or agent in the name of the corporation, with :   " In testimony whereof the common seal of said corporation is hereunto affixed," and then to affix the seal.   Ang. & Ames Corp., §225.

" If a contract purporting to be sealed with the seal of a corporation is offered in evidence, and it is proved to have been signed and executed by the proper agents, the presumption is that the seal was also regularly affixed by the proper authority, and a contract under seal, executed by an agent, within the scope of his apparent powers, will be held valid and binding upon the corporation until evidence to the contrary has been adduced."  Morawitz on Corporations, §169.

The common seal of a corporation affixed to the deed is tantamount to a delivery, and suffices, nothing to the contrary appearing, to pass an estate in lands, although there may not have been an actual delivery to the party.   Grant on Corporations, 63 ; 78 Law Library, 74.

In *Hutchins* v. *Bynum,* 9 Gray, 367, the deed was held to be sufficiently authenticated where the clause was :  " In witness whereof the said Bristow County Savings Bank, by George

Atwood, their treasurer, duly authorized for this purpose, have hereunto set their name and seal," adding the signature of the treasurer and the corporate seal.

And again, the words, "In testimony whereof the said party of the first part (the corporation) have caused these presents to be signed by their president and their common seal to be affixed," followed by the signature of the president and the corporate seal. *Haven* v. *Adams*, 4 Allen, 8.

In *Blackshire* v. *Iowa Home Co.*, 39 Iowa, the court say that when the corporate seal and the signatures of the officers executing the deed are proved, the court will presume the possession of authority, and the seal itself is *prima facie* evidence that it was affixed by proper authority.

We think it clear from these authorities that the deed from the Gaston Mining Company is properly executed, and it is equally manifest that the proof before the commissioner was amply sufficient to warrant the order of the clerk for registration.

II. The remaining enquiry is as to the interpretation of the statute, and whether the method there prescribed for the conveyance of land by corporations is exclusive of all others and mandatory in its requirements. The enactment is in these words:

"Any corporation may convey land and all other property transferable by deed, by deed of bargain and sale or other proper deed sealed with the common seal and signed by the president, or presiding member or trustee and two other members of the corporation, and attested by a witness. Rev. Code, ch. 26, §22.

In the Revised Statutes, ch. 26, §1, from which this clause was transferred, the language is a little different, declaring "that it shall be lawful for any corporation to convey lands by deed of bargain and sale, sealed with the common seal of said corporation and signed," &c.

In the sections immediately preceding and following that in the Revised Code, the terms are positive and mandatory. No corporation created by letters patent for the purposes herein allowed, *shall*, under any pretence, engage in banking. Sec. 21.

Suits against a corporation when at law *shall* be by process of summons, etc. Sec. 23.

The service of summons, if against any insurance company, &c., *shall* be made by leaving a copy, &c. Sec. 24.

The other antecedent sections show the same differences of phraseology, indicating the use of the word "may" in section 22 as in section 17, where the right to hold real estate is conferred, to be in the sense of permitting and authorizing, without impairing the rights and modes of action incident to a corporate body as such.

In this view we are fully sustained by the ruling of the supreme court of Minnesota, in the construction of a very similar enactment. *Morris* v. *Keil*, 20 Minn., 531. There, the plaintiff claimed the land upon which the trespasses had been committed, under a deed ending in the words:

"In testimony whereof, the said Oxford Female College has caused these presents to be signed by the president of its board of directors and countersigned by the secretary thereof, and its corporate seal to be hereto affixed, this 3rd day of November, 1868.                    O. H. STODDARD, Pres.

J. H. HUGHES, Sec'y.

The statute in that state declares that "every corporation authorized to hold real estate, may convey the same by an agent appointed by vote for that purpose," and it was insisted in argument that "every other mode of corporate conveyance was excluded."

The court held otherwise, saying: "We think that the purpose of this provision was to point out one way in which a corporation might properly make a conveyance of real estate, but there is no reason for supposing that the intention was to exclude the other and very common practice of a conveyance by a corporation through one or more of its officers; for instance, its president, secretary, treasurer, instead of through an agent appointed by vote for that particular purpose."

We think our statute should bear the same construction, as enabling in its effect, intended to point out a convenient and certain method for the transfer of real estate, but leaving still open that provided by the common law, and which has been pursued in 'the present case.

For this error the judgment must be reversed, and a *venire de novo* ordered, and it is so adjudged. This will be certified.

Error.                                   *Venire de novo.*