## McCarthy Bros. & Wilson, Inc., v. Schmitt.

*Corporations — Validity of acts not done in corporate name—Option to purchase land.*

A corporation designated in a lease as "McCarthy Bros. & Wilson, Inc." exercised an option therein as "McCarthy Bros., Inc.," explaining its action in the letter exercising the option by saying that its corporate title had been changed to the latter title. The title had not been legally changed: *Held*, that the option had been properly exercised.

Bill, answer, replication and proofs. C. P. No. 2, Phila. Co., Sept. T., 1924, No. 1111, in Equity.

*John J. Sullivan,* for plaintiff; *John A. Brown,* for defendant.

STERN, J., Jan. 20, 1925.—This is a bill in equity praying for a mandatory injunction upon the defendant to convey to the plaintiff the title to premises No. 2253 North Broad Street, Philadelphia. On bill, answer, replication and proofs, the court adopts as its findings of fact and conclusions of law the plaintiff's and defendant's requests for findings of fact and conclusions of law as affirmed or modified by the chancellor and which are sufficiently complete to obviate the necessity of additional findings being made.

The only issue in the case arises from the fact that, in the exercise of the option given to the plaintiff in the lease of July 10, 1922, the plaintiff, instead of referring to itself as "McCarthy Bros. & Wilson, Inc.," designated itself as "McCarthy Bros., Inc." The form used by the plaintiff in its letter of July 5, 1924, exercising the option, was: "Accordingly, we, McCarthy Bros., Inc., hereby exercise the said option, our corporate title having been changed from McCarthy Bros. & Wilson, Inc., to McCarthy Bros., Inc., but the corporation continuing the same." The letter was signed "McCarthy Bros., Inc.," but there was attached to it the seal of "McCarthy Bros. & Wilson, Inc., Incorporated 1921 Pennsylvania."

That this letter left in the mind of the defendant no doubt as to its subject-matter or the identity of the optionee is beyond question. The letter first clearly refers to the option and lease, and then explains that the entity accepting the option is the same as that which received it in the lease, referring expressly to the continuation and unchanged identity of the corporation.

It is inconceivable that the failure of the plaintiff to use the words "& Wilson" as a part of its corporate title should be held to deprive it of the important substantive rights which it seeks to exercise. This is especially true in view of the fact that the reason why these words are omitted is carefully explained in the letter, and the parol evidence shows that the statement therein contained as to the reason for the change was based on a natural misapprehension in regard to the change having been legally effected.

The name of the corporation was no part of the original contract in the lease. Had the plaintiff actually proceeded according to law to have its corporate name changed, and had then exercised its option under its new name, the defendant certainly could not have objected thereto, and her counsel so admitted at argument. The mere inadvertent use of a variant name, therefore, cannot in any way have impaired any rights of the defendant. As a matter of fact, there is no magic in the name of a corporation, any more than in the name of an individual. A name is merely a label or designation, and if with sufficient clearness it differentiates the person, corporation or thing to which it is intended to refer, it has served its purpose. Had the option in the present case been given to an individual, and had he exercised it in a letter referring to himself under an *alias* name, but at the same time clearly

designating his own identity, surely such act on his part would not have nullified his rights, and there seems to be no reason for adopting a more hypercritical rule in regard to corporations.

The overwhelming weight of authority in Federal and State courts is to the effect that a corporation may trade under an assumed name, and thus have two or more names, one by its charter or certificate of incorporation, and another by usage and reputation, so that deeds, contracts or leases made in the assumed name will be binding. This and analogous principles of law are discussed fully in 14 Corpus Juris, 308, 309, 323, 324. As stated in Bower v. State Bank, 5 Ark. 234: "It has long since been determined that acts done by, or to, a corporation by a name substantially its true name, though differing therefrom in words and syllables, are valid, and upon this principle many cases have been decided," calling attention to the case of Lynne Regis, 10 Coke, 122b, 77 Reprint, 1111.

Even more than one hundred years ago, when the law was still shackled in subservience to technical considerations which to-day have little or no place in either substantive law or the law of procedure, the Supreme Court of Pennsylvania held that "when the courts began to allow these artificial beings most of, if not all, the attributes of natural existence, and to permit them to contract pretty much in the ordinary manner of natural persons, a correspondent relaxation in the use of the exact corporate name, for purposes of designation, necessarily followed. I take the law of the present day to be, that a departure from the strict style of the corporation will not avoid its contract if it substantially appear that the particular corporation was intended; and that a latent ambiguity may, under proper averments, be explained by parol evidence in this, as in other cases, to show the intention:" Gibson, J., in Berks and Dauphin Turnpike Road v. Myers, 6 S. & R. 12. See, also, Hendel v. Berks and Dauphin Turnpike Road, 16 S. & R. 92, and Phillips v. International Text Book Co., 26 Pa. Superior Ct. 230.

As a matter of fact, corporations in practical business affairs seldom use their complete corporate names, but adopt modifications and abbreviations thereof for the sake of convenience. Nor is it necessary to refer to the numerous decisions which, in cases of misnomers of corporations in pleadings, allow amendments to be made with the greatest liberality at all stages of the action, even after judgment.

Without, therefore, any more extended discussion or review of authorities, it seems to the chancellor that when the plaintiff in its letter exercising the option clearly indicated the contract to which it was referring, the option which it was exercising, and that the identical lessee to whom the option had been given was then and there seeking to exercise it, it did all that was necessary, and that it did not lose valuable rights merely by an omission in the body of the letter and in its signature of a part of its actual corporate name, especially where the reason for such omission is, even though mistakenly, stated in the letter itself and is fully explained in the parol evidence. And this is all the more true because of the fact that the seal of the corporation, which in itself would constitute a legal signature of the letter, was properly attached and thus made an obvious situation all the clearer.

For the reasons thus stated, the court enters the following

### Decree.

And now, to wit, Jan. 10, 1925, it is ordered, adjudged and decreed:

1. That the defendant be, and she hereby is, directed to make, execute and deliver to the plaintiff a good and sufficient deed in fee simple for premises

No. 2253 North Broad Street, Philadelphia, Pennsylvania (including a store, two dwelling apartments, a basement and a garage), subject only to a first mortgage of $20,000, upon the defendant receiving from the plaintiff the purchase money due, in accordance with the terms and provisions of the option agreement contained in the lease of July 10, 1922.

2. Defendant to pay the costs.

The prothonotary will enter this decree *nisi* and give notice of the same to the parties or their counsel, and if no exceptions are filed within ten days thereafter, either party may present to the court a form of final decree then to be entered.