CASE 34—JULY 4.

## Collins vs. Merrell, &c.

### APPEAL FROM GRANT CIRCUIT COURT.

1. The doctrine is well settled that if any part of the *entire* consideration for a promise be illegal, either at common law or by statute, the whole agreement is void. (3 *Bibb*, 500; 6 *Dana*, 91; 8 *B. Mon.*, 98; 9 *B. Mon.*, 90.)

2. Where a part of the sum for which a note is executed was for money lent for the purpose of gaming, the whole contract is void, and the note is not obligatory on any of the parties. (*Rev. Statutes, page* 367, *sec.* 1 *of the chapter on Gaming.*)

3. Though the money be loaned in another State for the purpose of gaming there, and the note is executed in this State, it is void by the statute *supra.*

G. W. CRADDOCK for appellant.

T. N. & D. W. LINDSEY, on same side, cited 10 *B. Mon.*, 143.

W. S. RANKIN, for appellees, cited 3 *Littell*, 290; 15 *B. Mon.*, 140; 6 *Dana*, 91–2; 3 *Bibb*, 500; *Rev. Statutes, sec.* 1, *chap.* 42, *page* 367.

CHIEF JUSTICE SIMPSON DELIVERED THE OPINION OF THE COURT:

The fact that part of the four hundred dollars, for which the note sued on was executed, was for money lent for the purpose of gaming, is fully established by the testimony, and, indeed, does not seem to be controverted. The extent to which the validity of the note is thereby affected, is the question presented for our consideration.

By the first section of the chapter on Gaming, (*Revised Statutes, page* 367,) it is enacted, that " every contract, conveyance, transfer, or assurance for the consideration, in whole or in part, of money, property, or other thing won, lost, or bet at any game,

sport, pastime, or wager, or for the consideration of money, property, or other thing lent or advanced for the purpose of gaming, or lent or advanced at the time of any betting, gaming, or wagering, to a person then actually engaged in betting, gaming, or wagering, shall be void."

If any part of the four hundred dollars, for which the note was executed, had been for money won at any game, the whole note would be void, by the express provision of the statute. Does the fact, that a part of the consideration was for money lent for the purpose of gaming, and not for money won, make any difference in this respect? The statute does not expressly declare that where the consideration, or any part thereof, of a contract, is for money lent for the purpose of gaming, that the contract shall be void; but as it declares that such a considertion is unlawful, and renders the contract void, it has precisely the same effect that it would have had, if it had declared that where the consideration, or any part thereof, was for money lent for gaming, that the contract should be void.

The doctrine is well settled, that if any part of the *entire* consideration for a promise be illegal, either at common law or by statute, the whole agreement is void. (3 *Bibb*, 500; 6 *Dana*, 91; 8 *B. Monroe*, 98; 9 *B. Mon.*, 90.)

Part of the consideration of the contract sued on being declared illegal by statute, the whole contract, under the operation of the doctrine just mentioned, is thereby rendered void, and the note sued on is not obligatory on any of the parties.

It is said, however, that the money was loaned in Cincinnati for the purpose of gaming at that place; and as it does not appear, either by allegation or proof, that such a loan was illegal by the laws of Ohio, that it cannot have the effect of rendering the contract void, although it was executed in this State.

The testimony conduces to prove that some part of the money was loaned in Covington, for the purpose of gaming at that place. But if there were no proof that any part of it had been loaned in this State, we should still be of the opinion that so much of the consideration as was for money loaned for the purpose of gaming, was made illegal by the statute.

The contract was executed in this State, and was to be performed here, and its effect and validity must, therefore, depend upon the laws of this State. Money loaned for the purpose of gaming, wherever the loan may be made, is an illegal consideration under the statute, and any contract founded thereon, which is made in this State, is declared void by the statute. The law operates on all contracts made in this State, and the legality of the consideration must, therefore, be tested by the same law. If the note had been executed in the State of Ohio, then the legality of the consideration, as well as the validity of the note, would have depended on the laws of that State. But as it was executed in this State, upon a consideration, part of which is denounced as illegal by our laws, the whole note is void. The statute does not merely declare, that where the consideration is for money loaned *in this State* for the purpose of gaming the contract shall be void, but it declares generally that, wherever the consideration is for money loaned for that purpose, the contract shall be void. Such a consideration is, therefore, illegal under our laws, and will not sustain a contract made in this State.

This construction of the statute is entirely consistent with its object and spirit, and will tend to impart efficacy to its operation by guarding against the mischiefs it was intended to remedy.

Wherefore, the judgment is affirmed.