EDWARD B. HOLT *vs.* JOSEPH BENNETT & others.

Suffolk. January 16, 1888. — March 7, 1888.

Present: MORTON, C. J., DEVENS, C. ALLEN, HOLMES, & KNOWLTON, JJ.

*Corporation — Creditor — Payments to Directors — Fraud.*

Payments made by a corporation, intending in good faith to go on and develop valuable patents owned by it, to its directors of money borrowed from them in the ordinary course of business, are not recoverable from such directors by a creditor of the corporation whose debt at the time was not due and payable.

DEVENS, J. This is a bill in equity, in which a creditor of a corporation, the Purifying and Maturing Process Company, seeks to have a certain mortgage made by it declared fraudulent, and the individual defendants, who were its directors, and two of whom were also creditors, decreed to pay the debt owing to the plaintiff. Whether the plaintiff is entitled as a creditor to maintain such a bill on his own behalf, neither joining other creditors nor making the corporation a party, even if the mortgage· transaction by which its assets were transferred was a fraudulent one, and also whether, the mortgage having been heretofore held valid in a suit at law in which the defendant Cushing was summoned by the plaintiff as trustee, the plaintiff is now estopped to assert otherwise, are questions which, although raised and discussed, we shall have no occasion to decide.

The case has been referred to a master, and the facts as reported by him do not show that the plaintiff has any just cause of complaint. On December 28, 1881, the corporation owed one Hayden $1,000, and two of the directors now sued had indorsed the note ; it also owed Cushing, one of the directors, $1,350, and the secretary, Burgett, $450 ; all of which indebtedness was contracted in good faith, and in the ordinary course of business. It also owed the note held by the plaintiff, but the same was not due and payable until four months thereafter. On the same day the treasurer was authorized to borrow $6,000 for the use of the corporation, to give its note or notes therefor, to obtain the necessary indorsers thereon for the security of the loan to the lender, and to convey the stock and assets of the corporation, or

such part thereof as might be necessary, to some person as trustee, the same to be held as collateral security to indemnify and save harmless the indorsers of the proposed note or notes. A promissory note was executed to Hayden, who advanced the $6,000, signed by the directors of the corporation, including Cushing, and the treasurer of the corporation made a conveyance of the stock, goods, and assets of the corporation to Cushing, in trust to hold, sell, or dispose of the same in order to pay the note of $6,000, and indemnify and save harmless the indorsers thereon.

This $6,000 was practically all that ever came to the hands of the corporation after December 28, 1881. It was used partly to pay the debts of the corporation then due, and it may be inferred that it was intended it should be so used when the loan was negotiated. These debts were those heretofore stated as due to Hayden, Cushing, and Burgett. It does not appear that any others existed. They amounted in the aggregate to $2,800. The remainder was used to purchase materials and to defray the legitimate expenses of the corporation before the complainant's note matured. The whole transaction is found to have been done in good faith, with the intent to put the corporation on a better footing, to go on with its business and develop its patents, which were deemed to be valuable.

Although the corporation failed to pay the plaintiff's note when it became due, we can see no ground upon which to charge the defendants, who were the directors at the time of this transaction, or those whose debts were thus paid, with any liability to the plaintiff. The property conveyed in trust to Cushing, so far from being in excess of the $6,000 borrowed, proved, at a sale where its full market value was obtained, to be worth only $5,046; so that no case is presented where the trustee has received any security in excess of the liability incurred. Even if, when this deed was made, the property of the corporation, outside of the value of the letters patent possessed by it, was insufficient to pay its debts in full, the process patented was honestly believed to be of great value, and indeed has since been made successful, although by another corporation.

The position of the plaintiff appears to be, that a corporation intending in good faith to proceed with its business, and to render

the patents available which it possesses, cannot pay its directors money which it has borrowed from them in the ordinary course of business without rendering them responsible for the amount which they thus receive to any of its creditors whose debts may then be owing from it, although not then due and payable. This is quite untenable. The cases cited by the plaintiff, which hold that where a corporation is insolvent it cannot make conveyances of its property in contemplation of such insolvency, for the security of its directors who are also its creditors, to the exclusion of others, do not require examination or discussion. They have no relation to a case like that at bar. There was no reason why this corporation should not conduct its business in the ordinary manner, even if incidentally debts for borrowed money were paid to its directors, this being done fairly and in its prosecution of the object for which it was formed. Nor was there any reason why the plaintiff should have his debt paid in advance because the money of the corporation was being used to pay debts then payable, to purchase materials, and to defray other legitimate expenses. *Bill dismissed.*

*Z. S. Arnold*, for the plaintiff.

*C. F. Perkins & A. M. Lyman*, for the defendants.