AARON H. SALTMARSH & others *vs.* LEONARD V. SPAULDING & others.

Essex.   May 5, 1888. — June 19, 1888.

Present : MORTON, C. J., DEVENS, W. ALLEN, C. ALLEN, & HOLMES, JJ.

*Corporation — Directors — Mortgage — Power of Sale — Purchase by Director — Writ of Entry.*

The Pub. Sts. c. 106, § 23, providing that a corporation shall not convey or mortgage its real estate, or give a lease thereof for more than a year, " unless authorized by a vote of the stockholders at a meeting called for the purpose," does not refer to foreign corporations.

A foreign corporation was authorized, by the laws of the State where it was organized, to make contracts and to purchase and convey necessary real estate, as well as to adopt by-laws to regulate the powers and duties of its officers.   The directors, under a by-law authorizing them to manage and control its business, to hold meetings here, and to appoint necessary agents, ordered the president and treasurer, at a meeting held here, to mortgage the real estate of the corporation to secure its notes for borrowed money expended thereon; and these officers gave a power of sale mortgage in its name and under its seal.   *Held,* that the directors acted within their powers, and that the mortgage was valid.

The mortgage was duly foreclosed for breach of condition, and the mortgaged premises were sold to the highest bidder, who was the only director not a surety on the mortgage note and who made the purchase in good faith, subsequently conveying undivided parts thereof to others, some of whom were directors. The premises were afterwards sold on an execution issued on a judgment subsequently obtained against the corporation.   *Held,* that the purchase by such director, even if voidable, conveyed the legal title, and that the purchaser at the sale on execution could not maintain a writ of entry against him and his grantees.

WRIT OF ENTRY, dated August 5, 1886, to recover a parcel of land in Haverhill.   Plea, *nul disseisin.*

The case was submitted to the Superior Court, and, after judgment for the tenants, to this court on appeal, on an agreed statement of facts, in substance as follows.

The American Glass Plate and Iron Pipe Company, a corporation organized on March 25, 1884, under the laws of the State of New Hampshire, became the owner of the demanded premises on December 24, 1884, and completed the erection of a factory thereon for the manufacture of glass ware. On March 31, 1884, the company adopted by-laws, the material part of which was as follows:

"Article 6. The directors shall manage and control the business of the corporation, and appoint all necessary agents and attorneys thereof."

The board of directors of the corporation, at a meeting held on December 29, 1884, in Haverhill, passed an order, without any action on the part of the stockholders, that the president and treasurer should mortgage the demanded premises to the City Five Cent Savings Bank of Haverhill, to secure two notes of the corporation given for $9,000, borrowed therefrom. On the same day the president and treasurer executed a mortgage deed, which contained the usual power of sale, in the name of the corporation, and under its seal; and this was duly delivered and recorded. The $9,000 thus borrowed was expended by the company upon the demanded premises. Prior to June 23, 1885, the mortgagee duly foreclosed the mortgage for breach of condition, and under the power of sale sold · and conveyed the premises, on June 23, 1885, to the tenant Spaulding, who was a director of the corporation, and the only one not a surety on the notes of the corporation. Spaulding subsequently on the same day released to the other five tenants five undivided sixths of the premises; and since that time the tenants — all of whom save one were directors of the company, and that one was a stockholder — have held and claimed title to the premises. Under a petition to enforce a mechanic's lien, the premises were duly sold again, and conveyed to the tenants on November 16, 1885. The sales were made in good faith to the highest bidders; and the tenants, in making these purchases, acted in good faith, unless their relation to the company should imply the contrary.

On August 6, 1885, a special attachment of the corporation's real estate, which was then subject to the mechanic's lien, was duly made. In an action against the corporation, judgment was subsequently recovered against it, and " all right, title, and interest." of the company in the premises were duly sold and conveyed on execution, on May 29, 1886, to the demandants, the first-named demandant being also a director. Thereafter, and before bringing this writ of entry, the demandants duly tendered to the tenants the full amount paid by them, together with their expenses, taxes, and interest, but did not pay the same into court. The tenants declined to accept the tender, or to release the premises to the demandants. The General Statutes of New Hampshire of 1878, c. 135, § 2, and c. 147, § 4, cl. 3, and § 5, are to be treated as facts in this case, and may be referred to at the argument.*

If the demandants were entitled to the demanded premises or to any part thereof, judgment was to be entered for them for the whole or for such part, with nominal damages ; otherwise judgment was to be entered for the tenants.

*H. N. Merrill & J. O. Wardwell,* (*J. C. Caverly* with them,) for the demandants.

*E. T. Burley & C. U. Bell,* for the tenants.

DEVENS, J. The demandants rely for their title upon a special attachment of the demanded premises by a creditor of the American Iron Glass Pipe and Plate Company, and a sale thereof on execution issuing upon the judgment subsequently obtained. The title of the tenants rests upon a mortgage law-

---

* Section 2 of chapter 135 is as follows :

" Any public or private corporation authorized to hold real estate may convey the same by an agent appointed by vote for that purpose."

Section 4, cl. 3, and section 5 of chapter 147 are as follows :

" Sect. 4. Any such corporation may adopt by-laws not repugnant to the laws of this State : . . . III. To regulate the number of officers, their powers and duties, the mode of choosing them, and their tenure of office ; and any others necessary and suitable to promote the objects of the corporation ; and alter and amend the same.

" Sect. 5. Any such corporation may make contracts necessary and proper for the transaction of their authorized business, and no other ; they shall not become sureties nor guarantors, nor be capable of binding themselves as such."

fully made, as it is contended, by the corporation to the City Savings Bank of Haverhill, and a foreclosure sale by authority of a power therein contained, both the mortgage and the foreclosure sale being made previously to the attachment relied on by the demandants. The tenants also rely upon a purchase made by them of the premises upon a sale under an order of court issued on a process to enforce a mechanic's lien. In the view we take of the case, it will not be necessary to consider the validity of the title thus acquired.

It is the contention of the demandants, that the mortgage made to the savings bank was without lawful authority, and void by virtue of the Pub. Sts. c. 106, § 23, which prescribes that no conveyance or mortgage of the real estate of a corporation, or " lease thereof for more than one year, shall be made, unless authorized by a vote of the stockholders at a meeting called for the purpose," no such vote having been passed authorizing the mortgage in question. An examination of the section shows that it refers only to corporations subject to the provisions of the chapter where it is found, and that it does not refer to foreign corporations.

While the general principle undoubtedly is, that the law of the place where real property is situate exclusively governs as to the title of parties therein, the disposition and mode of transfer thereof, and the solemnities attending such transfer, and while we do not doubt that it would be possible to provide by legislation that foreign corporations permitted to own real property situate in this State should only transfer the same by authority of the stockholders, no such provision has been made. *Attorney General* v. *Bay State Mining Co.* 99 Mass. 148. While they must comply in their forms of conveyance with those here required, they derive their authority to make them from the rules imposed upon them by the States where they are created.

The demandants further urge, that, even if the statute of Massachusetts does not apply to foreign corporations, there was no power vested in the board of directors by the laws of New Hampshire which authorized them to make a deed of real estate. The by-laws of the corporation vested the management and control of its business, and the authority to appoint all

necessary agents or attorneys therefor, in the board of directors. The mortgage deed was made in the name of the corporation and under its seal, by the president and treasurer of the corporation, by virtue of an express vote of the directors giving them authority.

The General Statutes of New Hampshire of 1878, c. 147, § 4, cl. 3, which are made a part of the case, empowered the corporation to adopt by-laws " to regulate the number of officers, their powers and duties, the mode of choosing them, and their tenure of office ; and any others necessary and suitable to promote the objects of the corporation ; and alter and amend the same." The corporation was one authorized to make contracts necessary and proper for its business, and to purchase, hold, and convey real and personal estate necessary for the transaction of its business. Gen. Sts. of N. H. of 1878, c. 147, §§ 5, 6.* The directors, by virtue of the powers implied from their position, had the general control and management of the business, which of necessity involved the raising of money to carry it on. It is found that the money raised by means of the mortgage was expended on the real estate mortgaged. In the absence of any prohibitory statute, a sufficient authority is shown on the part of the directors to mortgage the property, and in doing so they could adopt the form ordinarily in use where the real estate was situated. *Burrill* v. *Nahant Bank*, 2 Met. 163, 166. *Sargent* v. *Webster*, 13 Met. 497. *Hendee* v. *Pinkerton*, 14 Allen, 381, 387. *Despatch Line* v. *Bellamy Manuf. Co.* 12 N. H. 205.

The provision that a corporation authorized to hold real estate may convey the same by an agent duly appointed for that purpose (Gen. Sts. of N. H. of 1878, c. 135, § 2) does not exclude other modes of conveyance ; as, for instance, in the name and under the seal of the corporation itself, and by the president and treasurer. Especially would this be so where the latter form is that used where the real estate is situated. *Morris* v. *Keil*, 20 Minn. 531. *Bason* v. *King's Mining Co.* 90 N. C. 417.

---

\* Section 6 is as follows :

"Such corporations may purchase, hold, and convey real and personal estate necessary and proper for the due transaction of their authorized business, not exceeding the amount authorized by their charter or by statute, and no other."

It is said, however, that, even if the directors might make the mortgage, they had no power to delegate this authority, but must exercise it themselves. The directors delegated no discretionary power; they determined upon the mortgage, and made the president and treasurer simply the agents to execute formally that which they themselves had voted to do. In *Burrill* v. *Nahant Bank, ubi supra*, it was accordingly held that the directors of the bank not only might mortgage its real estate to secure a debt due from the bank, but might delegate such authority to a committee of their own number.

The demandants further contend, that a vote of the directors passed without the State to which their corporation owes its existence was void. The corporation was organized for the purpose of doing business without the limits of New Hampshire. Its works were within this State, and here its contracts were made and its business was conducted. Its by-laws, passed at a meeting of the corporation in New Hampshire, while they provide for the annual meeting of the corporation in that State, and for the choice of officers there, provide also for meetings of the directors for business in this State, for the control of the business and the appointment of the necessary agents here, and for the filling here by the directors temporarily of any vacancies that may have occurred.

We do not doubt that this may be done by the corporation. It would certainly be an extraordinary anomaly, if, while by the comity prevailing between the States the corporation was allowed to conduct its business, it could disavow the acts of those whom it has appointed to direct its business here, on the ground that the votes by which they were done were passed here. The case cited of *Miller* v. *Ewer*, 27 Maine, 509, to sustain the statement in Angell and Ames on Corporations, § 274, on which the demandants rely, only holds that a corporation established under a charter of the State of Maine could not organize in another State, and that the attempt so to do was void, but recognizes fully that a corporation duly organized, and acting within the limits of the State granting the charter, may, by agents duly constituted, act and contract without the limits of the State.

The demandants further contend, that, as the directors are trustees for the stockholders, even if the mortgage was valid, a

purchase by one of the directors of the property belonging to the corporation (the *cestui que trust*) is *prima facie* a purchase for the trust. If this proposition is correct, we cannot see that it would aid the demandants in maintaining this action. The title clearly passed to the purchaser, even if a director ; and if the foreclosure sale could be avoided, or the purchaser declared to hold the property subject to a trust, this could only be done by the corporation or by its stockholders. *Cahill* v. *Bigelow*, 18 Pick. 369. *Wildes* v. *Vanvoorhis*, 15 Gray, 139, 145. The demandants, resting their title upon an execution recovered by one of the creditors of the corporation, cannot for this reason maintain a writ of entry. In an action to recover land, alleging a legal title in the demandant, such a title must be established. *Packard* v. *Marshall*, 138 Mass. 301.

Nor, if it were possible in favor of the demandants to hold that they were entitled to avoid the sale, could they be in a more favorable position than the mortgagor, who could not be allowed to do so except upon paying the sums which it has received from the tenants (only one of whom was not a director of the corporation, but was a stockholder) by the payment of its mortgage debt. We do not, however, intend to suggest that, as between the corporation and Spaulding, the director who purchased the land, the facts as they now appear show any reason why it should be permitted to avoid the sale. The sale was not the act of the directors, but of the mortgagee. It was his duty to obtain the highest price possible. While other directors were responsible on one of the mortgage notes, Spaulding was not. A director of a corporation is not prohibited from lending it moneys when they are needed for its benefit, and when the transaction is open, and otherwise free from blame ; nor is his subsequent purchase of its property at a fair public sale by a trustee under a deed of trust, executed to secure a payment of the debt, invalid. *Twin-Lick Oil Co.* v. *Marbury*, 91 U. S. 587. *Holt* v. *Bennett*, 146 Mass. 437. It is agreed as a fact, that the sale was made in good faith to the highest bidder, and that in making the purchase the tenants were in fact acting in good faith. The law does not require that from their relation to the company the contrary necessarily is to be implied.

*Judgment for the tenants.*