COSMOPOLITAN TRUST COMPANY *vs.* S. L. AGOOS TANNING COMPANY.

Suffolk.    November 20, 1922. — May 23, 1923.

Present: RUGG, C.J., DECOURCY, CROSBY, & CARROLL, JJ.

*Practice, Civil,* Appeal. *Pleading, Civil,* Declaration. *Trust Company. Insolvency,* Preference. *Commissioner of Banks. Statute,* Construction.

Upon the entry of an order of the Superior Court sustaining a demurrer to a declaration in an action of contract, the defendant moved that judgment be entered in his favor and the motion was allowed. The next day after the allowance of the motion, the plaintiff appealed " from the order sustaining the defendant's demurrer . . . and from the order . . . that judgment be entered in favor of the defendant." *Held,* that the action was properly before this court.

Allegations in the declaration in an action of tort by a trust company for damages alleged to have resulted from an illegal transferring of property of the plaintiff to the defendant by officers of the trust company, that " the whole transaction was a fraud planned to enable the defendant corporation to appropriate the sum of $75,000 from the assets of a trust company about to fail," do not set out definite facts constituting the alleged fraud and, therefore, on demurrer to the declaration, such allegations may be disregarded.

In the absence of any inhibiting statute, it is not fraudulent nor illegal for a creditor of an insolvent trust company, when the company's officers well knew of its insolvent condition and when action of the commissioner of banks in taking possession of the trust company was imminent, to receive a payment from the trust company preferring him over others of its creditors, if there is no secret trust for the benefit of the trust company.

There is no statute in this Commonwealth specifically rendering such a preferential payment by a trust company illegal or fraudulent, and no such provision can be read into the statutory provisions relating to trust companies and to the commissioner of banks by construction or implication.

TORT OR CONTRACT, with a declaration as amended in two counts. Writ dated March 16, 1922.

The first count of the declaration was stated to be " in tort " and is described in the opinion. The only allegation therein as to fraud is as follows: " The plaintiff says the whole transaction was a fraud planned to enable the defendant corporation to appropriate the sum of $75,000 from the assets of a trust company about to fail."

The second count of the declaration was stated to be " in contract," and contained seven items of sums of money " realized from collateral deposited with note . . . [for $75,000, described in the opinion] fraudulently obtained by defendant from Cosmopolitan Trust Company," and one item of a sum, " received by defendant from plaintiff (in the hands of Liquidating Agent in ignorance of the facts) in final settlement of said note."

The defendant demurred to each count on the following grounds:

" 1. Because the matters contained in said count are insufficient in law to enable the plaintiff to maintain an action of tort.

" 2. Because said count does not state concisely and with substantial certainty the substantive facts necessary to constitute an action in tort."

As a third ground for the demurrer to the first count, the defendant alleged the following:

" 3. Because the transaction pleaded in said count was the payment by a trust company of a valid claim against it made in the form of a note and pledge of securities, and because such payment and pledge are valid and do not constitute either a fraud or a conversion, and because the averments in the count that the transaction was a fraud and constituted a conversion of the plaintiff's assets are statements merely of opinion and conclusion unsupported by the facts pleaded."

As a third ground for the demurrer to the second count, the defendant alleged the following:

" 3. Because it appears from the allegations in said count that the alleged cause of action therein set forth is based upon fraud alleged to have been practised by the defendant on the plaintiff and the facts constituting the alleged fraud are not set forth with sufficient certainty nor with any certainty."

The demurrer was heard by *Hammond,* J., and was sustained as to both counts on the first ground alleged, and a motion by the defendant that judgment be entered in its favor was allowed. The docket entries did not show the entry of a judgment. The plaintiff appealed on the day following the allowance of the defendant's motion " from the order sustaining the defendant's demurrer to the substitute declaration, and from the order . . . that judgment be entered in favor of the defendant."

*F. N. Nay,* (*G. L. Vaughan & H. O. Cushman* with him,) for the plaintiff.

*B. B. Jones & P. N. Jones,* for the defendant.

RUGG, C.J.   This action at law rightly comes before us on appeal by the plaintiff from an order sustaining the defendant's demurrer to the plaintiff's declaration on the ground that no cause of action is set out in either count. *Samuel* v. *Page-Storms Drop Forge Co.* 243 Mass. 133.   There are two counts for the same cause of action, one in tort alleging the facts at length, and the other in contract for money had and received with a bill of particulars.   The

facts alleged are that after the close of business hours on September 24, 1920, when the Cosmopolitan Trust Company was insolvent to the knowledge of its officers and of the defendant's officers and agents, the defendant procured from the president of the trust company its note for $75,000 with sundry collateral therefor worth more than the face of the note, the only consideration paid being a check for $75,000 drawn by Lassor Agoos and Co. Inc. a Massachusetts corporation, on its account in the trust company, which check was then to the knowledge of the defendant and the president of the trust company of little value because of the insolvent condition of the trust company; that at the time there was not cash enough in the possession of the trust company to meet the check if it had been presented for payment, which fact was known to all parties; that the bookkeeping entries of the transaction were made on September 25, 1920, and as of that date; that the trust company never reopened for business after September 24, 1920, the commissioner of banks having taken possession of it under the statute on the morning of September 25, 1920; that he has since continued such possession and has been liquidating the affairs of the trust company; that the defendant realized considerable sums from the sale of the collateral and on November 3, 1920, the commissioner of banks, in order to relieve the remaining collateral, paid the balance due on the note, being ignorant up to that time that the transaction was not proper and legitimate; that the transaction was a fraud planned to enable the defendant to appropriate $75,000 from the assets of the trust company as it was about to fail, and constituted a conversion of assets of the trust company; that the plaintiff is unable to tender the check for $75,000 given as consideration for the note because it was returned duly cancelled to the maker, Lassor Agoos and Co. Inc. before the true nature of the transaction was ascertained.

The plaintiff has argued the case in part on the theory that the transaction was a scheme devised by one Lassor Agoos, then a director of the trust company, in order to secure for a corporation largely owned by him preferential security out of the assets of the trust company on the eve of its failure,

in breach of his fiduciary duty as such director, and that he has not been joined as a party because of his death, of which we are asked to take notice by reason of *Agoos* v. *Cosmopolitan Trust Co.* 241 Mass. 103. There are no allegations of that nature in the declaration. See *Commonwealth* v. *Dyer*, 243 Mass. 472, 491, 492. Hence, that argument must be disregarded. The case must be considered and decided on facts alleged in the declaration and on those alone. Therefore it is not necessary to consider cases like *Elliott* v. *Farmers' Bank of Philippi*, 61 W. Va. 641, 656, and others collected in 19 A. L. R. 338, 339. Compare *Holt* v. *Bennett*, 146 Mass. 437.

The allegation that the transaction was a fraud is of slight consequence by itself and is not enough to require judicial examination of the cause. Definite facts must be set out which constitute fraud without the aid of merely descriptive epithets. *Garst* v. *Hall & Lyon Co.* 179 Mass. 588. *Butler* v. *Directors of the Port of Boston*, 222 Mass. 5, 8. *Boston* v. *Treasurer & Receiver General*, 237 Mass. 403, 415.

The facts stated constitute a preference by the trust company of one creditor over others when its officers well knew of its insolvent condition and when the action of the commissioner of banks in taking possession of the trust company was imminent. In the absence of any inhibiting statute, a debtor commits no fraud by appropriating his property to the satisfaction of one or more of his creditors to the exclusion of all others. Knowledge by both the debtor and the preferred creditors is of no weight in this connection. The only limitation on such transactions is that there can be no secret trust for the benefit of the debtor. Subject to that qualification, it is settled at common law that a debtor has a right to prefer one or more of his creditors over others. *Banfield* v. *Whipple*, 14 Allen 13. *Giddings* v. *Sears*, 115 Mass. 505, 507. *Sawyer* v. *Levy*, 162 Mass. 190. *Cohen* v. *Levy*, 221 Mass. 336, 338. *Lyon* v. *Wallace*, 221 Mass. 351, 353. *Gurney* v. *Tenney*, 226 Mass. 277. There is no suggestion in the allegations of the present declaration that there was any secret preference for the benefit of the trust company agreed or understood between the parties.

A corporation stands on the same footing in this particular as does an individual, and a bank differs in no respect from other corporations. *Sargent* v. *Webster,* 13 Met. 497, 503. *O'Brien* v. *East River Bridge Co.* 161 N. Y. 539. *Catlin* v. *Eagle Bank,* 6 Conn. 233. *Bank of Montreal* v. *J. E. Potts Salt & Lumber Co.* 90 Mich. 345. This proposition is supported by the great weight of authority in other jurisdictions, although there are a few decisions to the contrary. See 19 A. L. R. 320, *et seq.* note, for a collection of cases.

There is no statute in this Commonwealth which prohibits such preference by trust companies. The insolvency laws of the Commonwealth do not apply to banking corporations. G. L. c. 216, § 143. The national bankruptcy act excludes banking corporations from its operation. The bankruptcy act of U. S. St. 1898, c. 541, § 4 (a) (b), 30 U. S. Sts. at Large, 547, as amended.

The statutes relating to the establishment, powers, and liquidation of trust companies contain no reference to preferences by them of commercial creditors. G. L. cc. 167, 172. There is no reference in the brief filed in behalf of the plaintiff to any statutory provision making such preference illegal or voidable.

The commissioner of banks in liquidating the affairs of a trust company does not act as a receiver. He does not owe his appointment to the court. He does not derive his authority from the judicial department of government. He is an executive or administrative officer. His duty is to carry out the legislative policy declared by the statutes. The General Court has covered the whole field of liquidation of trust companies. The chart by which the court must be guided is the legislative mandate as set forth in the statute. We cannot read into it any restrictions on the powers of corporations not existing at common law and not found in the statute. *Commonwealth* v. *Commissioner of Banks,* 240 Mass. 244, 247-251. While this court has general jurisdiction in equity to enforce the provisions of the statute, we have no right to substitute our views of what might be desirable in place of omissions on the part of the Legislature. We cannot tell whether this omission was intentional or

inadvertent. If the situation here disclosed is a *casus omissus*, it must be remedied by the General Court. The judicial department cannot extend the statutes by intendment or construction because of its conceptions of what might be expedient. *United States* v. *Weitzel*, 246 U. S. 533, 543.

*Order sustaining demurrer affirmed.*