### In re KELLEY. Ex parte MARSHALL. Ex parte KELLEY.

(District Court, S. D. New York. October 29, 1923.)

1. **Bankruptcy ⊗⟳391(3)—On application to enjoin suit in state court against bankrupt and others, only part of requested relief granted.**

Where a suit was brought in a state court on a contract to pay plaintiff a share of certain commissions against bankrupt and three other defendants, for an account for the sums received, a declaration of plaintiff's interest in the amount still unpaid, an assignment to plaintiff of his share when so declared, and an injunction against assigning their interests and against disposing of any part of what has been received, held, on application by trustee and bankrupt to enjoin the suit, that plaintiff should be enjoined from prosecuting the suit against bankrupt, except to foreclose him from any claim or interest in the matter involved, and from prosecuting the suit against bankrupt's trustee, except to obtain an adjudication of the validity and amount of plaintiff's lien, if any, on whatever interest the trustee has in the matter.

2. **Courts ⊗⟳17—Within discretion of court having custody of a res to allow claims to be litigated elsewhere.**

It is always within the discretion of the court having custody of a res to allow claims against it to be litigated elsewhere.

In Bankruptcy. In the matter of C. Carlton Kelley, bankrupt, in. which Charles A. Marshall was appointed trustee. Separate applications, one by the trustee and the other by the bankrupt, to enjoin the prosecution of a suit in a state court. Injunction issued on terms stated in the opinion.

The causes arise on two rules nisi, one by the trustee in bankruptcy, and the other by the bankrupt, to enjoin the prosecution of a suit in the state court. The complaint in the state court on which the rules were obtained was filed after the trustee had been appointed and qualified, and alleged as follows:

Kelley, the bankrupt, and one Knapp made a contract with the American Synthetic Dyes, Inc., by which they became entitled to certain commissions. This they assigned to one McKellar, in trust for them, who prosecuted their claim to judgment in his favor before petition filed herein. Thereafter, for reasons not stated, the receivers of the Butterworth-Judson Corporation, in discharge of the judgment, agreed to pay to one Bromley, attorney for Knapp and Kelley, $100,000, and further to deliver to him certain securities, or in lieu thereof to pay him another $100,000. The receivers raised the first sum and distributed it among the four, Bromley, Knapp, Kelley, and McKellar. The plaintiff had had a contract with Knapp and Kelley before the assignment to McKellar by which they promised to pay him a certain share of any sum they might receive under their contract with the American Synthetic Dyes, Inc., "out of the commission" received by them, and they promised that they would "give, assign, and turn over" to him and "account to" him "for such his share." The complaint prays an account against the four for the sums received, a declaration of the plaintiff's interest in the amounts still unpaid on the judgment and contract with the receivers, an assignment to the plaintiff of his share when so declared, an injunction against assigning their

---

⊗⟳For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

interests or receiving the same, and against disposing of any part of what has
been received.

W. Davis Conrad, of New York City, for bankrupt.
Abel I. Smith, of Hoboken, N. J., for trustee.
Otto S. Bowling, of New York City, for Herbert.

LEARNED HAND, District Judge (after stating the facts as
above). [1] First, as to the bankrupt: The plaintiff's right is found-
ed on contract, and, so far as any decree is asked against him personal-
ly, it is a dischargeable claim. His right to an injunction pro tanto
is unquestionble, and he must have it. As he has by the adjudication
lost any interest in the contract with the receivers or in the judgment,
he is not a necessary party to the suit. However, if the trustee is a
proper party, Kelley is also a proper party, merely as assignor in in-
vitum of the trustee's interest. In that case, however, the decree must
be limited to concluding him from disputing any declaration of the
plaintiff's interest in the contract with the receivers or in the judgment.
No decree of account or other personal judgment may go against him.

Next, as to the trustee: The jurisdiction of this court to enjoin
the suit so far as it seeks to adjudicate any rights of the trustee to
the money already distributed is too well settled to need discussion.
It is a part of the assets now in the custody of the bankruptcy court.
The summary jurisdiction of this court over the contract with the re-
ceivers, so far as it has not yet been performed, is not so clear. While
it is, of course, impossible to speak of possession of a chose in action,
the trustee is as fully vested with Kelley's rights as is possible, and
may be regarded as in possession so far as that idea is applicable at
all. A Stock Exchange seat, which is at most a chose in action, is an
illustration of this principle. O'Dell v. Boyden, 150 Fed. 731, 80 C.
C. A. 397 (C. C. A. 6) ; In re Hoey Tilden & Co. Ex parte Kauf-
mann, 292 Fed. 269 (S. D. N. Y., filed Nov. 17, 1922). So, too, is
a claim against the Treasury of the United States. Orinoco Iron Co.
v. Metzel, 230 Fed. 40, 144 C. C. A. 338 (C. C. A. 6). On the other
hand, in Copeland v. Martin, 182 Fed. 805, 105 C. C. A. 237 (C. C.
A. 5), an assignee of a chose in action successfully resisted the sum-
mary jurisdiction of the bankruptcy court. That, however, being the
case of an outright assignment, may be regarded as depending upon
the fact that the bankrupt had parted with all interest in the res.

In the case at bar the plaintiff in the state suit does not join either
the receivers of the Butterworth-Judson Corporation or the judgment
debtor. That suit cannot, therefore, result in a decree for payment
or a reduction to possession of the choses in action. It is a bare suit to
impress upon the trustee's rights the lien asserted. In such a case,
whatever may be thought when the suit includes the obligor, the res
in controversy is merely the trustee's right of action, and with that
he is as completely vested, as is possible for that kind of property.
Therefore I should not hesitate to assert a summary jurisdiction over
the controversy, were it desirable to do so.

But the case is complicated by the fact that Knapp and McKellar,
and apparently Bromley, too, are alleged to be co-obligees with the

trustee in the choses in action in question. Over the controversy between them and the plaintiff this court can have no jurisdiction. Should I assume by summary proceedings the determination of this controversy between the plaintiff and the trustee, the suit must go on against the other three. Moreover, the trustee, if successful, could not compel the receivers of the Butterworth-Judson Corporation, or the American Synthetic Dyes, Inc., to pay him a proportion of the judgment or the sums due. The obligors could insist upon a single discharge. Nothing is gained, therefore, by breaking this suit into two parts.

[2] It is always within the discretion of a court, having custody of a res, to allow claims against it to be litigated elsewhere, and in the case at bar there seems to me every motive of convenience in allowing the plaintiff to establish his rights in a forum which has jurisdiction over all the obligees. Therefore I shall not enjoin the suit against the trustee, so far as it seeks a declaration of the plaintiff's lien upon any rights held by him in the judgment and the contract with the receivers. To that suit the bankrupt may also remain a party for the purpose already indicated. After that suit is concluded, the plaintiff, if successful, may apply to this court for any interest he may have in the money already paid to the trustee. As the decree will constitute an estoppel, it will not be necessary to relitigate the matters over again, and the proceedings will not be protracted.

In conclusion, therefore, the order will be as follows: Enjoining the plaintiff, Herbert, from in any wise prosecuting the suit against the bankrupt, Kelley, except to foreclose him from any claim or interest in the judgment against the Synthetic Dyes, Inc., or the receivers of Butterworth-Judson Corporation. Enjoining the plaintiff from in any wise prosecuting the suit against the trustee, Marshall, except only to obtain an adjudication of the validity and amount of his lien, if any, upon whatever interest the trustee has in the judgment against the Synthetic Dyes, Inc., and the receivers of the Butterworth-Judson Corporation. If the bankrupt and the trustee desire, the whole suit will be enjoined against them until the complaint therein is amended, so as specifically to recite this injunction, to pray for such relief only against them as shall conform to the foregoing, and expressly to disclaim any other relief.

Settle order on notice.