Daniel Gallogly, et al.
vs.                        } Eq. No. 9048.
Frank C. Stender, et al.

June 4, 1930.

BLODGETT, P. J. Heard upon bill, answer and proof.

Bill in equity brought by certain stockholders of the Oakland Beach Amusement Co. against Frank C. Stender, now deceased, formerly an officer of said corporation.

The death of Frank C. Stender has been suggested and his executor has entered appearance.

The amended bill filed October 28. 1928, prays,

First, for the appointment of a receiver of said corporation;

Second, that said Stender be declared to hold the premises described in paragraphs 9, 10, 12 and 13 as trustee for said corporation and for the orators and other stockholders and creditors of said corporation;

Third, that the sales described in said bill be set aside, and all deeds, bills of sale and other conveyances made in pursuance thereof be cancelled, and for an accounting by said Stender of his management of said estate.

The complainants are Daniel Gallogly and William T. Mulcahey, stockholders, Gallogly holding 20 shares of par value of $500 and Mulcahey 305 shares of a par value of $7,625. Gallogly is also a creditor, having loaned the corporation $2,785.00 in September, 1924, he being at the time a director of said corporation. At the same time each director made a similar loan, all said loans to be repaid when the finances of the corporation would permit the board of directors to pay the same.

The bill states that Stender was a director, president, and chairman of the board, and a controlling factor in the policies of said corporation.

The main contention of the bill is that Stender purchased the property, real and personal, of said corporation at mortgage sales and tax sales, for an inadequate consideration, he being an officer of the same, and that by reason thereof said sales should be set aside, or that said Stender should be held to be a trustee for the complainants and other stockholders and creditors.

Two lots were mortgaged to said Stender to secure advances made by him to the corporation, being lots 666 and 667 on "Map of Oakland Beach." The condition of sale provided that in case of a sale under the mortgage same should be held on the premises. The mortgage was foreclosed and the sale held in the office of Stender. The advertisement of said sale provided that same would be sold at the office of said Stender. The notice did not. .

follow the power of sale and was not in compliance therewith.

*Quince* vs. *McDole*, 28 R. I. 327.

The sale under this notice was invalid and the title to said lots remains in the corporation.

The title to personal property sold to Stender at a tax sale is questioned on the ground that an officer of the corporation can not obtain title in himself by purchase of property of the corporation sold at a tax sale, and that such purchase is merely a payment of the tax assessed.

There are many authorities upon either side of this question, but it is not necessary to pass upon the same as the personal property involved was subsequently sold at a mortgage sale.

February 23, 1920, a mortgage was executed by Joseph L. Carolo to Isabel R. Brown, Hope C. B. Chapin and Margaret M. Brown, which said mortgage was subsequently assumed by the corporation and was held October 31, 1927, by one Milton Brown.

Complainants claim that said Stender allowed the interest due upon said mortgage to remain unpaid, by reason of which at a foreclosure sale of same by the mortgagee the premises were bid in by said Stender. Stender purchased the property described in said mortgage for $30,000. This property includes the greater part of the property of the Oakland Beach Association.

It is the main contention of the complainants that Stender holds this property as a trustee for the corporation and that holding, as he is claimed to have done, the management of the company, and being the principal officer therein, he acted in bad faith toward the company in purchasing said property himself.

Complainants further allege that at the time the interest was allowed to remain unpaid there was in the hands of said corporation money subject to the order of said Stender which should have been used to pay the same.

At a meeting of the board of directors of the association held October 24, 1927, the following minute appears: "Talks in regard to the sale of Park October 31, 1927, took place." No record appears as to what talk occurred nor any record of any action taken. Much testimony was introduced at the hearing of this case as to this discussion and also much testimony as to what happened at said mortgage sale of October 31, 1927.

It is clear from the testimony that the board of directors knew about this sale, and that many of them were present at the sale.

In addition to the Brown mortgage Stender held a second mortgage upon the property for $16,240, which, although discharged upon the records, by stipulation of counsel in this case is still in force.

Stender bid $30,000 at the sale, being the highest bidder. A number of people were present at the sale. The matter of protecting the interests of the corporation had been discussed at meetings of the board. There was some testimony that Stender had agreed to purchase at this sale for the benefit of the corporation. Stender was, however, more heavily interested financially in the corporation that any other director, officer or stockholder. The reports annually filed by a certified public accountant disclose that the corporation was in financial straits and was losing money. There were no funds in its possession that could be used to pay the principal or interest of the mortgage. The records of the directors show that it had been voted by the board to declare the corporation bankrupt. Stender offered to allow the directors, after the sale was consummated, to redeem the property and convey same back to the corporation upon being reimbursed the purchase p   . p us expenses, and the amount of his mortgage for $16,240, and to waive all claim for a third mortgage of

$13,594.23 and the value of his stock in the corporation. The action of the directors in relation to this mortgage to Stender for $16,000 was ratified at a meeting of the stockholders held January 10, 1927, as appears upon the records of the corporation.

This question of the right of a director to purchase at a judicial or tax sale is discussed in Fletcher's Cyclopedia of Corporations, Vol. 4, Sections 2291 to 2302.

No. 2294. "View that purchase not voidable where fair and in good faith. The principle that a trustee may purchase the trust property at a judicial sale brought about by a third party, which he had taken no part in procuring, and over which he could not have had control,' says the Supreme Court of the United States, 'is upheld by numerous decisions of this Court and of other Courts of this country.' And by the weight of authority a purchase of corporate property by a director or other officer of the corporation at an execution or judicial sale is not voidable at the instance of the corporation or its stockholders, if he purchased fairly and openly, and if at the time he did not represent the corporation in the matter, and did not bring about the sale in violation of his duty to the corporation; and this is particularly true where the purchase was necessary in order to protect interests previously acquired by him by a valid contract with the corporation. It has even been held that where a purchase by directors at foreclosure sale is in all respects fair and open, the purchase will be sustained although as a matter of fact the secured loan was made to the corporation by the directors in order that they might have opportunity of buying in the property at foreclosure.

No. 2295. "Purchase to protect debt or rights of officer. A corporate creditor, although also a director or other officer of the corporation, ordinarily may purchase at a forced sale of the corporate property, in order to protect his interests as a creditor or under a contract with the corporation.

"Where a deed of trust was given to secure a loan made by a director to the corporation, and the director purchased at the trustee's sale, the Supreme Court of the United States, in the leading case on this subject, in upholding the purchase, called attention to the facts that the director was not both seller and buyer, but that a trustee was interposed who made the sale, and that if it should be held that the director could not bid, then he would have been deprived of the only means which his contract gave him of making his debt out of the security on which he had loaned his money.'"

*Allen* vs. *Gillette*, 127 U. S. 589, 596.

*McKittrick* vs. *Arkansas Cent. Ry.* Co., 152 U. S. 473-497.

*Saltmarsh* vs. *Spaulding*, 147 Mass. 224.

*Twin Lick Oil Co.* vs. *Marbury*, 91 U. S. 587.

"The purchase is valid provided always that the acts of the purchasing officer are fair and honest and he does not obtain any dishonest advantage over the corporation or stockholders."

*Coombs* vs. *Barker*, 31 Montana 526.

The reports of the accountant for several years present a picture of the real state of affairs of the corporation and show that from time to time the directors were compelled to make advances out of their personal funds to prevent the foundering of the corporation, and it will be found from the record that Stender made greater ad-

vances than the others. In the matter of the roller coaster, over which there was much litigation, the corporation records disclose that the matter was discussed at meetings of the board, was fully laid before the board, 'and the final settlement ratified.

The Court is unable to see that in any way Stender has been guilty of bad faith toward the corporation. or that he can be held to hold the property purchased by him at the tax sale and at the foreclosure of the Brown mortgage, so called, as trustee for the corporation.

The prayer for the appointment of a receiver is denied.

The prayer asking that Stender be held as trustee is denied.

The mortgagee's sale of lots 666 and 667 on "Map of Oakland Beach" is cancelled, and decree may be entered in accordance herewith.

For complainants: Knauer & Fowler.
For respondents: J. A. Tillinghast.