### In re SCHULTE–UNITED, Inc.
### No. 50355.

District Court, S. D. New York.
March 24, 1931.

Allen C. Bragaw, of New York City, for Charfhays Corporation.

Davies, Auerbach & Cornell, of New York City, for Irving Trust Co.

PATTERSON, District Judge.

This is a petition by the mortgagee of real estate owned by the bankrupt for leave to commence a foreclosure in the New York Supreme Court.

The mortgage is a curious one, although valid in all respects. It is for the face amount of $204,000, payable without interest in equal monthly installments of $833.34 until April 1, 1949. There is a provision that upon the death of one Hayes the monthly payments shall drop to one-half the fixed amount, and upon the death of his wife thereafter shall cease altogether. Hayes is evidently the sole stockholder of the corporate mortgagee, and in selling the property to the bankrupt and taking a purchase-money mortgage desired that the consideration should be in effect an annuity. The petition shows that the mortgagor was adjudicated bankrupt on January 21, 1931; that the installment of $833.34 due February 1, 1931, has not been paid; that $182,333.16 is the present unpaid balance of the principal; and that the petitioner has duly elected, pursuant to an acceleration clause in the mortgage, to declare the entire amount now due and payable. It is also shown that the bankrupt has defaulted in paying interest on certain prior mortgages, and that the equity of redemption is worthless, the property having a value of only $110,000.

The trustee in bankruptcy resists the petition. It is pointed out that the transaction was one whereby the bankrupt acquired the property on what was virtually an annuity arrangement, that the real estate was never worth more than $110,000 in cash, and that the present value of the stipulated monthly payments, measured by the American Experience Tables of Mortality, is only $104,015. It is urged that the petition be denied, or, if granted, that it be on terms that the mortgagee be restrained from sharing in the assets of the bankrupt estate through any deficiency judgment.

I have no doubt that the petitioner is entitled to the relief asked for, without terms of any sort.

1. The contention that the bankruptcy court has jurisdiction over the real estate which cannot be interfered with by foreclosure suits later commenced in other courts

is entirely sound. This is merely an application of the general principle that the jurisdiction of the court which first takes possession of property through its officers will be preserved, whether that court be a United States court (Murphy v. Hofman, 211 U. S. 562, 29 S. Ct. 154, 53 L. Ed. 327) or a state court (Harkin v. Brundage, 276 U. S. 36, 48 S. Ct. 268, 72 L. Ed. 457). But this does not mean that the bankruptcy court may not give to the mortgagee permission to commence a foreclosure action in the state court and thus voluntarily relinquish its jurisdiction over the property. "It is always within the discretion of a court, having custody of a res, to allow claims against it to be litigated elsewhere." In re Kelley (D. C.) 297 F. 676, 678. There is nothing in Isaacs v. Hobbs Tie & Timber Company. 282 U. S. 734, 51 S. Ct. 270, 75 L. Ed. 645, decided February 24, 1931, by the Supreme Court and relied upon here by the trustee in bankruptcy, which prevents the bankruptcy court from giving such permission to the mortgagee. Cases come up where it is advantageous to all the parties, including those interested in the bankrupt estate, to have a foreclosure in the state court rather than a sale free and clear of liens in the bankruptcy court. For example, a better price might be realized on foreclosure sale, or a better title to the purchaser might be obtained. See In re Myrtle Plumbing Supplies, Inc. (D. C.) 10 F.(2d) 374, affirmed (C. C. A.) 10 F.(2d) 374. And when it is shown that the unpaid balance on the mortgage greatly exceeds the market value of the property, I know of no case in which permission to commence foreclosure in the state court has been withheld. In re Zehner (D. C.) 193 F. 787; In re Victor Color & Varnish Co. (C. C. A.) 175 F. 1023; Remington on Bankruptcy § 2371. Since it is quite certain here that the bankrupt's equity of redemption is worthless, the mortgagee will be granted leave to bring a foreclosure action in the New York Supreme Court.

2. The trustee in bankruptcy submits that equity would be done by having the mortgagee receive back the property, the point being made that the sums already received by it exceed the fair rental value of the real estate. In what way the court could or should compel the mortgagee to cancel or satisfy its mortgage on any such terms is not explained. The transaction was not a lease; it was a sale and purchase-money mortgage, and the mortgagee is entitled to stand on it.

3. The trustee also asks that the mortgagee be restrained from proving as a claim against the estate the amount of any deficiency judgment. There may possibly be difficulties in the way of allowing such a claim against the bankrupt estate, due to the peculiar provisions of the bond and mortgage and to the fact that the entire unpaid balance had not been declared due at the time of adjudication. But any such matters will not be anticipated at this time.

It follows that the petition for leave to institute a foreclosure action will be granted, without conditions.