DANIEL GALLOGLY *et al. vs.* FRANK C. STENDER *et al.*

APRIL 15, 1931.

PRESENT: Stearns, C. J., Rathbun, Sweeney, and Murdock, JJ.

Murdock, J. This is a bill in equity brought by certain stockholders of the Oakland Beach Amusement Association, Inc., against Frank C. Stender and said Association. Since the filing of the bill, respondent Stender deceased and his executrix has entered her appearance in behalf of his estate. The bill prays that the respondent Stender be declared a trustee of certain property for the benefit of said Association; that a certain mortgagee's sale be declared invalid and that a receiver of said Association be appointed. In the Superior Court a decree was entered which denies the prayer for the appointment of a receiver, gives the relief prayed for as to the mortgagee's sale and denies all other relief. From so much of the decree as denies the relief prayed for the complainants have appealed to this court.

The complainant Mulcahey is a stockholder and the complainant Gallogly is a stockholder, director and creditor of the respondent corporation.

The respondents contend that the bill cannot be maintained because it does not appear that a request was first made to the corporation to bring the suit. *Hodges* v. *New England Screw Co.*, 1 R. I. 312, 340; *Hazard* v. *Durant*, 11 R. I. 195, 203.

An examination of the record convinces us that such a request would have been futile and therefore the suit may

be prosecuted by the present complainants. The Oakland Beach Amusement Association was organized for the purpose of conducting a place of entertainment for the public at Oakland Beach in the town of Warwick. The Association purchased from one Carralo a tract of land consisting of forty-three lots subject to a mortgage which will be hereinafter referred to as the Brown mortgage. Said Association also purchased lots numbered 666, 667 and 885, on a plat called "Map of Oakland Beach, Warwick, R. I.," which lots were subsequently mortgaged to the respondent Stender. A contract was entered into between the Association and one Sherlock for the erection of an amusement device known as a roller coaster. The record does not disclose the precise terms of the contract but it is reasonably clear that title to said coaster was to remain in Sherlock. In order to complete the coaster it became necessary to advance $12,000 to Sherlock and the respondent Stender loaned this amount to the Association for this purpose. There is testimony to the effect that he was to take as security a mortgage on the coaster but it does not appear from the record that such mortgage was ever given. As title to the coaster was in Sherlock, the Association was not in a position to give a valid mortgage thereon. Later litigation between the Association and Sherlock arose and a settlement was agreed upon which required $4,000 to carry into effect. Stender agreed to loan this amount on condition that he be given a mortgage on the real estate of the Association as security for the $4,000 and the $12,000 already advanced to complete the coaster. The directors voted that such mortgage be given and their action was subsequently ratified at a meeting of the stockholders. The validity of this mortgage is attacked by the complainants on various grounds. The complainant Gallogly testified that he was a director of the corporation but had no notice of the meeting of the board at which it was voted to give the mortgage in question. The complainant Mulcahey testified that he did not receive notice of the

meeting of the stockholders at which the action of the board was ratified.

It is further contended that the giving of the mortgage was a fraud on the creditors and *Olney* v. *Conanicut Land Co.*, 16 R. I. 597, is relied upon in support of this contention. In that case the directors were given a mortgage to secure a pre-existing indebtedness when the corporation was admittedly insolvent and it was held that the mortgage was invalid as a preference over a creditor who had obtained a verdict against the corporation. In the instant case there is no allegation of insolvency, there was a present consideration for the mortgage in the loan of $4,000 and the directors were the principal creditors of the corporation. The giving of the mortgage was apparently the only means open to the Association of obtaining the money necessary for the settlement of the litigation concerning the coaster. The meetings of the directors and stockholders were conducted in an informal manner and the corporate records are rather fragmentary. There is nothing therein to refute the testimony of Gallogly that he was not notified of the meeting of the directors at which it was voted to give Stender a mortgage for $16,000. The meeting of the directors was held July 21, 1926, and Gallogly appears to have known of the action of the directors soon after. The action of the directors was ratified at what appears to have been the annual meeting of the stockholders held January 10, 1927, and Gallogly did not appear to enter a protest. The complainant Mulcahey testified that he received no notice of said stockholders' meeting. As he is the only stockholder to complain of failure to receive notice it is improbable that notice was not sent to him. Where an actual meeting of stockholders of a corporation has been held and it appears that a majority of the stock was represented, there is a presumption that favors the regularity of the meeting and the burden is upon one who asserts the contrary to furnish proof of his assertion. *Citizens' Mutual Fire Ins. Co.* v. *Sortwell,* 8 Allen, 217; 14 C. J. p. 922, § 1438.

We are of the opinion that the mortgage to Stender was valid, as found by the trial justice.

The Association appears to have been constantly in financial straits. There was a deficit each year and the directors from time to time made loans to enable the Association to meet pressing obligations. The respondent Stender made larger advances for this purpose than any of his co-directors.

A demand was made by the holder of the Brown mortgage for a payment on said mortgage of $3,900. The Association was without funds to meet this demand and it was determined by the directors to permit the property to be sold by the mortgagee. Before the sale the matter of raising the money among the directors to meet the demands of the mortgagee was discussed but no agreement was arrived at and Stender said: "All right, I'll go bid it in for myself, then, and after the sale if I am the successful bidder, we will get together and find out how much each one has to pay if he wants to come in, and with that instruction I went over to the sale." At the auction sale several of the directors were present and Stender's bid being the highest the property was sold to him for $30,000. After the sale a meeting of the directors was called and Stender made them an offer to participate pro rata with him in the payment of the amount expended by him in clearing the title to the property. This offer was declined and then Stender said: "All right, I tell you what I'll do. I'll carry it on this year alone, and in the fall I'll call another meeting of you boys and show you what the park has done, and the offer stands good. If you want to come in a year from now when you think you have the money, the offer is still good, and they agreed to that and it was left that way."

Stender was a director and president of the corporation. At one time he was general manager and at all times was active in its affairs. The complainants contend that under these circumstances he could not purchase in his own behalf the property of the corporation. The modern doctrine

does not condemn a purchase at forced sale of corporate property by a director or officer of the same if the sale was not brought about by his procurement and especially is this true when he purchases to protect a valid interest previously acquired. To hold otherwise would deprive a director or officer of a corporation, who is also a creditor, of the benefit of the security on which he made the loan. Fletch. Ency. of Corp. Vol. 4, §§ 2294, 2295; *Allen* v. *Gillette*, 127 U. S. 589; *Saltmarsh* v. *Spaulding*, 147 Mass. 224; *Coombs* v. *Barker*, 31 Mont. 526.

The allegation of the bill that Stender permitted the payments on the mortgage to become overdue so as to bring about a foreclosure is not borne out by the testimony. The inability of the corporation to meet the demand for a payment on the Brown mortgage is beyond question. The directors had refused to make further loans and a sale by the mortgagee inevitably followed. The record does not show any attempt on the part of Stender to obtain an unfair advantage and his good faith is made evident by his offer to the directors and in his answer to the present bill where he offers upon being reimbursed for the purchase price plus all expenses and upon being paid the amount due under the $16,000 mortgage to convey said property to the corporation and to waive payment of $13,000 due him for other money advanced. Under these circumstances we are of the opinion that Stender had the right to purchase at the mortgagee's sale and that said sale to him is valid.

The trial justice found that the mortgagee's sale of lots 665 and 666 was invalid because not held in accordance with the terms of the mortgage. Testimony was offered to show that the sale of lot 885 was invalid for the same reason. As no relief was prayed for as to this lot, complainants are not entitled to relief with respect thereto.

The State tax on corporations was not paid and the General Treasurer brought suit for the recovery of the same. The personal property of the corporation was sold at execution sale and Stender purchased the same at said sale.

The trial justice declined to consider the complainants' contention that full title to the property did not pass to Stender on the mistaken ground that the property was subsequently purchased at mortgagee's sale. The personal property does not appear to have been included in any mortgage and there was no sale of the same other than at said execution sale. This property appears to have been of small value consisting principally of office furniture and even though the contention of the complainants is sound they are not in a position to ask for relief in the present bill for the reason that they have made no offer therein, either in their own behalf or in behalf of the corporation, to repay Stender the purchase price of said personal property. The bill prays for the appointment of a receiver on the ground of mismanagement only and does not allege insolvency. The principal attack on the management relates to the transactions concerning the roller coaster. Every step taken with respect to the litigation of the coaster was considered by the directors and in the absence of fraud, and none was proved, the complainants were bound by the action of the board. The trial justice found that there was not sufficient evidence to warrant him in appointing a receiver on the grounds alleged and after reviewing the testimony we are of the opinion that he was justified in so finding.

The appeal is denied and dismissed, the decree appealed from is affirmed and the cause is remanded to the Superior Court for further proceedings.

*Knauer & Fowler, Luigi De Pasquale,* for complainants.

*John A. Tillinghast,* for Stender.

*James E. Dooley,* for Oakland Beach Amusement Association.