**In re OLIVIT BROS., Inc.**

District Court, S. D. New York.
Jan. 7, 1932.

White & Case, of New York City (A. Hayne de Yampert, of New York City, of counsel), for petitioner.

Lewis H. Saper, of New York City, for Irving Trust Co., trustee.

PATTERSON, District Judge.

The petitioner, a New York corporation, shows that it is the holder of mortgages on Florida real estate owned by the bankrupt, also a New York corporation, and that the mortgage liens exceed the value of the real estate. It asks leave to commence foreclosure proceedings in the Florida courts against the trustee in bankruptcy. The trustee, opposing the petition, claims that the mortgages are invalid because not consented to by the stockholders of the bankrupt corporation as required by the New York Stock Corporation Law; also, that the petitioner has waived its security through filing its claim as an unsecured one in the bankruptcy proceedings; finally, that the trustee has no funds wherewith to litigate in the Florida courts.

Without permission of the bankruptcy court, the Florida courts have no jurisdiction to entertain a foreclosure suit; the bankruptcy of the owner having occurred prior to any proceedings to enforce the lien. The jurisdiction of the bankruptcy court over the property is exclusive, notwithstanding it is located in another state. Isaacs v. Hobbs Tie & Timber Co., 282 U. S. 734, 51 S. Ct. 270, 75 L. Ed. 645; see also Straton v. New, 283 U. S. 318, 321, 51 S. Ct. 465, 75 L. Ed. 1060. But leave may be given by the bankruptcy court to the mortgagee to institute foreclosure proceedings in the state court. In re Schulte United, Inc., (C. C. A.) 49 F. (2d) 264. Whether such leave should be given in a particular case is matter of discretion. Of course, the rights of the mortgagee are entitled to consideration as well as those of the mortgagor's creditors. It often is made to appear that a sale under foreclosure proceedings in the state courts will be more advantageous to all concerned than a sale by the bankruptcy court. And where the bankrupt's interest in the mortgaged property has no value, permission to commence foreclosure proceedings is given almost as matter of course. In re Schulte-United, Inc., (D. C.) 50 F.(2d) 243; see also In re Zehner (D. C.) 193 F. 787.

In the instant case the trustee has shown enough to make the position of the

mortgagee a doubtful one. Of the two forums where the issues of validity of the mortgages and of waiver may be tried out, there is much to be said in favor of the bankruptcy court. Both the mortgagee and the bankrupt are New York corporations. The mortgagee is a party to the bankruptcy proceedings. The question whether the stockholders of the bankrupt, a local corporation, consented to the execution of the mortgages, involves facts more readily proved here than in a suit in a distant state. I should suppose also that the effect of lack of consent upon the validity of the mortgages is a question as to which the law of New York rather than that of Florida would be controlling. See Saltmarsh v. Spaulding, 147 Mass. 224, 17 N. E. 316; Talmadge v. North American Coal Co., 3 Head (Tenn.) 337; Union National Bank v. State Bank, 155 Mo. 95, 55 S. W. 989, 78 Am. St. Rep. 560. So, too, as to the issue of waiver of security by the mortgagee through proving its claim as an unsecured one; that issue raises points of fact and of law peculiarly within the cognizance of the bankruptcy court here in New York. It seems clear therefore that a determination of the rights of the parties here in the bankruptcy court would promote convenience and minimize expense to both parties. The property being in possession of the bankruptcy court, there is no doubt as to its power to adjudicate in a summary proceeding the validity of the mortgages. In re Kellogg (C. C. A.) 121 F. 333; In re Waterloo Organ Co. (D. C.) 118 F. 904; In re Oswegatchie Chemical Products Corp. (C. C. A.) 279 F. 547.

Under the circumstances of the case, justice will be done by denying the petition on condition that within ten days the trustee institute a summary proceeding to test the validity of the mortgages and the present right of the mortgagee to enforce them; in default of the commencement of such proceeding the petition will be granted. Settle order on notice.